IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:
:
NEWPAGE CORPORATION, *et al.*,
:
Debtors.[1]
---------------------------------------------------------------x

: Chapter 11
:
: Case No. 11-12804 (KG)
:
: Jointly Administered
:
: Docket Ref. Nos. 16, 57, 283, 339, 391 & 392
:
: Hearing Date: November 9, 2011 at 3:00 p.m. (ET)

**NOTICE OF FILING OF REVISED PROPOSED FORM OF ORDER GRANTING MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO LOCAL RULE 9013-1(m)(v) SEEKING RECONSIDERATION OF ORDER (I) AUTHORIZING DEBTORS TO CONTINUE USING THEIR CASH MANAGEMENT SYSTEM, INCLUDING MOVEMENT OF FUNDS BETWEEN DEBTOR AND NON-DEBTOR AFFILIATES, AND MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (II) WAIVING COMPLIANCE WITH DEPOSIT AND INVESTMENT REQUIREMENTS OF BANKRUPTCY CODE SECTION 345**

TO: (A) COUNSEL TO THE DEBTORS; (B) THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (C) COUNSEL TO JPMORGAN CHASE, N. A., AS ADMINISTRATIVE AGENT FOR THE PROPOSED DEBTOR-IN-POSSESSION FINANCING; (D) COUNSEL TO WELLS FARGO CAPITAL FINANCE LLC, AS ADMINISTRATIVE AGENT FOR THE PREPETITION SENIOR SECURED REVOLVER; (E) COUNSEL TO BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE FOR THE 11.375% SENIOR SECURED FIRST-LIEN NOTES DUE 2014; (F) COUNSEL TO WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR INDENTURE TRUSTEE FOR THE (I) 10% FIXED RATE SENIOR SECURED SECOND LIEN NOTES DUE 2012, AND (II) FLOATING RATE SENIOR SECURED SECOND LIEN NOTES DUE 2012; (G) COUNSEL TO THE INFORMAL GROUP OF CERTAIN HOLDERS OF THE 10% FIXED RATE SENIOR SECURED SECOND LIEN NOTES AND FLOATING RATE SENIOR SECURED SECOND LIEN NOTES; (H) COUNSEL TO THE AD HOC STEERING COMMITTEE OF CERTAIN HOLDERS OF 11.375% SENIOR SECURED FIRST LIEN NOTES; AND (I) ALL PARTIES REQUESTING NOTICE PURSUANT TO BANKRUPTCY RULE 2002 AND LOCAL RULE 2002-1(B)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Chillicothe Paper Inc. (6154), Escanaba Paper Company (5598), Luke Paper Company (6265), NewPage Canadian Sales LLC (5384), NewPage Consolidated Papers Inc. (8330), NewPage Corporation (6156), NewPage Energy Services LLC (1838), NewPage Group Inc. (2465), NewPage Holding Corporation (6158), NewPage Port Hawkesbury Holding LLC (8330), NewPage Wisconsin System Inc. (3332), Rumford Paper Company (0427), Upland Resources, Inc. (2996), and Wickliffe Paper Company LLC (8293).

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

On September 7, 2011, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a motion (the "Cash Management Motion") to continue using their cash management system and waiving compliance with the deposit and investment requirements of section 345 of the United States Code (the "Bankruptcy Code").[2]

On September 8, 2011, this Court entered an order granting the relief requested in the Cash Management Motion (the "Cash Management Order").[3] Among other things, the Cash Management Order accorded administrative expense status, pursuant to sections 503(b) and 364(b) of the Bankruptcy Code, to claims with respect to postpetition intercompany transfers (the "Intercompany Claims").

On October 3, 2011, the Official Committee of Unsecured Creditors appointed in the above-referenced chapter 11 cases (the "Committee") filed a motion to reconsider certain relief granted pursuant to the Initial Cash Management Order (the "Motion to Reconsider").[4] Specifically, the Committee requested an amendment to the Cash Management Order providing that any Intercompany Claims be (i) granted superpriority administrative expense status, pursuant to sections 503(b)(1) and 364(c) and (d) of the Bankruptcy Code junior only to the claims granted to the DIP Lenders and payment of the Carve-Out (as defined in the DIP Orders), and (ii) secured by a lien junior in priority only to the DIP Liens granted under the DIP Orders and payment of the Carve-Out. **YOU WERE PREVIOUSLY SERVED WITH A COPY OF THE MOTION TO RECONSIDER**.

The deadline to file objections to the Motion to Reconsider was October 17, 2011 at 4:00 p.m. (ET).[5] The Committee received the following objections (collectively, the "Objections") to the relief requested in the Motion:

> (i) the First Lien Noteholders' objection[6] asserting that the Intercompany Claims (a) are entitled under these circumstances only to administrative expense status

---

[2] *Debtors' Motion Pursuant to Sections 105(a), 345, 363, 364, and 503(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, for Order (I) Authorizing Debtors to Continue Using Their Cash Management System, Including the Movement of Funds Between Debtor and Non-Debtor Affiliates, and Maintain Existing Bank Accounts and Business Forms, and (II) Waiving Compliance with the Deposit and Investment Requirements of Section 345(b) of the Bankruptcy Code* [Docket No. 16].

[3] *Order (I) Authorizing Debtors to Continue Using Their Cash Management System, Including the Movement of Funds Between Debtor and Non-Debtor Affiliates, and Maintain Existing Bank Accounts and Business Forms, and (II) Waiving Compliance with the Deposit and Investment Requirements of Section 345 of the Bankruptcy Code* [Docket No. 57]. On October 11, 2011, this Court entered an amended Cash Management Order (the "Amended Cash Management Order") [Docket No. 339], which incorporated comments to the Cash Management Order made by both the Committee and the Administrative Agent (as defined in the Cash Management Motion) after such order was entered.

[4] *Motion of Official Committee of Unsecured Creditors Pursuant to Local Rule 9013-1(m)(v) Seeking Reconsideration of Order (I) Authorizing Debtors to Continue Using Their Cash Management System, Including the Movement of Funds Between Debtor and Non-Debtor Affiliates, and Maintain Existing Bank Accounts and Business Forms, and (II) Waiving Compliance With the Deposit and Investment Requirements of Section 345 of the Bankruptcy Code* [Docket No. 283].

[5] The objection deadline was extended as to the Debtors, the First Lien Noteholders, and the Second Lien Noteholders by agreement to October 25, 2011, at 5:00 p.m. (ET).

2

and (b) should be junior to the priority accorded the (1) prepetition liens and (2) the Adequate Protection Liens and Claims granted to the First Lien Noteholders and the Second Lien Noteholders pursuant to the DIP Orders;

(ii) the Debtors' conditional objection and reservation of rights[7] (a) objecting solely to the extent the relief sought by the Motion to Reconsider requires new negotiation or litigation over the Adequate Protection Liens and Claims and (b) reserving the right to review and approve of or object to the terms of any consensual resolution regarding the Motion to Reconsider; and

(iii) the Second Lien Noteholders' joinder in the First Lien Noteholders' objection.[8]

In an attempt to resolve the Objections, the Committee has revised the proposed form of order that accompanied the Motion to Reconsider (the "Initial Proposed Order") to provide that Intercompany Claims shall be granted:

- superpriority administrative expense status pursuant to sections 503(b)(1) and 364(c) and (d) of the Bankruptcy Code, junior only to the (1) claims granted to the DIP Lenders and (2) payment of the Carve-Out; and

- liens, junior only to the (a) DIP Liens granted to the Administrative Agent for its benefit and the benefit of the Lenders, (b) superpriority liens granted as adequate protection to the (y) First Lien Notes Collateral Trustee for its benefit and the benefit of the First Lien Noteholders and (z) Second Lien Notes Collateral Trustee for its benefit and the benefit of the Second Lien Noteholders, and (c) payment of the Carve-Out, but senior to all other liens.

Accordingly, the Committee hereby submits a revised proposed form of order (the "Revised Proposed Order"), a copy of which is annexed as Exhibit 1. Please note that the parties have not reached agreement on the Revised Proposed Order.

For the convenience of parties-in-interest and the Bankruptcy Court, annexed as Exhibit 2 is a blackline comparing the Revised Proposed Order with the Initial Proposed Order.

---

[6] *See Objection of Ad Hoc First Lien Noteholders to Motion of Official Committee of Unsecured Creditors Seeking Reconsideration of Cash Management Order* [Docket No. 392].

[7] *See Debtors' Conditional Objection and Reservation of Rights Regarding Motion of Statutory Creditors' Committee Seeking Reconsideration of Order (I) Authorizing Debtors to Continue Using Their Cash Management System, Including the Movement of Funds Between Debtor and Non-Debtor Affiliates, and Maintaining Existing Bank Accounts and Business Forms, and (II) Waiving Compliance with Deposit and Investment Requirements of Section 345 of the Bankruptcy Code* [Docket No. 391].

[8] *Joinder of Ad Hoc Second Lien Noteholders to the Objection of Ad Hoc First Lien Noteholders to Motion of Official Committee of Unsecured Creditors Seeking Reconsideration of Cash Management Order* [Docket No. 394].

A HEARING TO CONSIDER THE MOTION AND ENTRY OF THE REVISED PROPOSED ORDER WILL BE HELD ON **NOVEMBER 9, 2011 AT 3:00 P.M. (ET)** BEFORE THE HONORABLE KEVIN GROSS AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 3, WILMINGTON, DELAWARE 19801.

Dated: November 6, 2011
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Jaime Luton Chapman*
James L. Patton, Jr. (No. 2202)
M. Blake Cleary (No. 3614)
Jaime Luton Chapman (No. 4936)
Andrew L. Magaziner (No. 5426)
The Brandywine Building,
1000 West Street, 17th Floor,
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: 302-571-6600
Fax: 302-571-1253

-and-

PAUL HASTINGS LLP
Luc A. Despins
Robert E. Winter
Aaron M. Klein
Park Avenue Tower
75 East 55th Street, First Floor
New York, New York 10022
Telephone: (212) 318-6000
Facsimile: (212) 319–4090

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*