IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------x
*In re*                                                                    :    **Chapter 11**
                                                                                   :
NEWPAGE CORPORATION, *et al.*,            :    **Case No. 11-12804 (KG)**
                                                                                   :
                            Debtors.[1]                         :    **Jointly Administered**
                                                                                   :
----------------------------------------------------------x

**NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON NOVEMBER 9, 2011, AT 3:00 P.M., BEFORE THE HONORABLE KEVIN GROSS AT 824 N. MARKET STREET, 6th FLOOR, COURTROOM NO. 3, WILM., DE**

## CONTINUED MATTERS:

1.  Debtors' Motion, Pursuant to Sections 105(a), 363(b), 363(c), 507(a)(4), and 507(a)(5) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, for Order (I) Authorizing Payment of Prepetition Employee Obligations and Continuation of Prepetition Employee Benefit Programs, (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers, and (III) Scheduling a Final Hearing for Approval of the Debtors' Compensation Plans as to Insiders, and (IV) Granting Certain Other Relief (Docket No. 15, 09/07/11)

    Response Deadline: September 27, 2011, at 4:30 p.m. Extended to September 30, 2011 for the Committee.

    Responses:

    A.   Reservation of Rights of Official Committee of Unsecured Creditors with Respect to (A) Certain First Day Orders, and (B) Certain Motions Scheduled for Hearing on October 4, 2011 at 2:00 p.m. (Docket No. 260, 09/30/11)

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: Chillicothe Paper Inc. (6154), Escanaba Paper Company (5598), Luke Paper Company (6265), NewPage Canadian Sales LLC (5384), NewPage Consolidated Papers Inc. (8330), NewPage Corporation (6156), NewPage Energy Services LLC (1838), NewPage Group Inc. (2465), NewPage Holding Corporation (6158), NewPage Port Hawkesbury Holding LLC (8330), NewPage Wisconsin System Inc. (3332), Rumford Paper Company (0427), Upland Resources, Inc. (2996), and Wickliffe Paper Company LLC (8293). The Debtors' corporate headquarters is located at 8540 Gander Creek Drive, Miamisburg, OH 45342.

Related Documents:

A. Order (I) Authorizing Payment of Prepetition Employee Obligations and Continuation of Prepetition Employee Benefits, (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers, (III) Scheduling a Final Hearing for Approval of Debtors' Compensation Plans as to Insiders, and (IV) Granting Certain Other Relief (Docket No. 77, 09/08/11)

B. Notice of Entry of Interim Order and Final Hearing on Debtors' Motion, Pursuant to Sections 105(a), 363(b), 363(c), 507(a)(4), and 507(a)(5) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, for Order (I) Authorizing Payment of Prepetition Employee Obligations and Continuation of Prepetition Employee Benefit Programs, (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers, and (III) Scheduling a Final Hearing for Approval of the Debtors' Compensation Plans as to Insiders, and (IV) Granting Certain Other Relief (Docket No. 107, 09/09/11)

Status: This matter will be continued to the omnibus hearing scheduled for December 13, 2011, at 1:30 p.m. The Committee has agreed that its pending reservation of rights is resolved.

## UNCONTESTED MATTERS WITH CERTIFICATIONS OF NO OBJECTION:

2. Motion of Official Committee of Unsecured Creditors for Order Under Bankruptcy Code Sections 105(a), 107(b), 1102(b)(3) and 1103 and Bankruptcy Rule 9018(i) Clarification of Scope of and Establishing Procedures in Connection With Creditor Access to Information and (ii) Retaining BMC Group, Inc., as Information Services Agent in Connection Therewith (Docket No. 378, 10/21/11)

Response Deadline: November 2, 2011, at 4:00 p.m.

Responses: None.

Related Documents:

A. Certificate of No Objection Regarding Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Code Sections 105(a), 107(b), 1102(b)(3) and 1103 and Bankruptcy Rule 9018 (i) Clarifying Scope of and Establishing Procedures in Connection With Creditor Access to Information and (ii) Retaining BMC Group, Inc., as Information Services Agent in Connection Therewith (Docket No. 470, 11/04/11)

Status: A certificate of no objection has been filed.

3.  Motion to Approve Stipulation and Order Modifying the Stay, Allowing International Paper Company to Setoff Obligations, and Granting Other Relief (Docket No. 383, 10/21/11)

    Response Deadline: November 2, 2011, at 4:00 p.m.

    Responses: None.

    Related Documents:

    A.  Certification of No Objection Regarding Motion to Approve Stipulation and Order Modifying the Stay, Allowing International Paper Company to Setoff Obligations, and Granting Other Relief (Docket No. 475, 11/04/11)

    Status: A certification of no objection has been filed.

**UNCONTESTED MATTERS:**

4.  Debtors' Application Pursuant to Sections 327(a) And 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Order (I) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Auditor and Accountant, *Nunc Pro Tunc* to the Commencement Date and (Ii) Waiving the Requirements of Local Rule 2016-2(d) (Docket No. 327, 10/07/11)

    Response Deadline: November 2, 2011, at 4:00 p.m. Extended for the United States Trustee to November 7, 2011, at 11:00 a.m.

    Responses: None.

    Related Documents: None.

    Status: This matter is going forward.

**CONTESTED MATTERS:**

5.  Debtors' Motion, Pursuant to Sections 105(a) and 366 of the Bankruptcy Code, for Order (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (II) Approving the Debtors' Proposed Form of Adequate Assurance, (III) Establishing Procedures for Resolving Objections Thereto by Utility Providers, and (IV) Scheduling a Final Hearing Thereon (Docket No. 13, 09/07/11)

    Response Deadline: September 27, 2011, at 4:30 p.m. Extended to September 30, 2011, for WE Energy, Inc.

Responses:

A.  Defendant Kentucky Utilities Company's Objection to the Entry of Final Relief on Debtor's Motion Pursuant to Sections 105(a) and 366 of the Bankruptcy Code for Order (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (II) Approving the Debtors' Proposed Form of Adequate Assurance, (III) Establishing Procedures for Resolving Objections Thereto By Utility Providers, and (IV) Scheduling A Final Hearing Thereon (Docket No. 194, 09/22/11)

B.  Objection Of Certain Utility Companies To The Debtors Motion Pursuant To Sections 105(A) And 366 Of The Bankruptcy Code For Order (I) Prohibiting Utility Providers From Altering, Refusing, Or Discontinuing Utility Services, (II) Approving The Debtors Proposed Form Of Adequate Assurance, (III) Establishing Procedures For Resolving Objections Thereto By Utility Providers, And (IV) Scheduling A Final Hearing Thereon (Docket No. 203, 09/23/11)

C.  Joinder to the Objection of Certain Utility Companies to the Debtors' Motion Pursuant To Sections 105(a) and 366 of the Bankruptcy Code For Order (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Approving the Debtors' Proposed Form of Adequate Assurance, (III) Establishing Procedures For Resolving Objections Thereto By Utility Providers, and (IV) Scheduling a Final Hearing Thereon [Filed by Potomac Edison Company and Monongahela Power Company] (Docket No. 207, 09/23/11)

D.  Objection by Integrys Energy Services, Inc. to Motion of Debtors NewPage Corporation, et al., for a Final Order Prohibiting Utilities from Disconnecting Service and for Related Relief (Docket No. 222, 09/27/11)

E.  Objection of Sprague Energy Corp. to Debtors' Motion Pursuant to Sections 105(a) and 366 of the Bankruptcy Code For Order (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Approving the Debtors' Proposed Form of Adequate Assurance, (III) Establishing Procedures For Resolving Objections Thereto by Utility Providers, and (IV) Scheduling a Final Hearing Thereon, And Request For Judicial Notice With Respect to Certain Matters Relating Thereto (Docket No. 228, 09/27/11)

F.  Objection of M.A. Associates, Inc. to Debtors' Motion Pursuant to Sections 105(a) and 366 of the Bankruptcy Code For Order (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Approving the Debtors' Proposed Form of Adequate Assurance, (III) Establishing Procedures For Resolving Objections Thereto by Utility Providers, and (IV) Scheduling a Final Hearing Thereon, And Joinder In Sprague Energy Corp.'s Objection (Docket No. 229, 09/27/11)

G.  Joinder of American Powernet Management, LP to the Objection of Certain Utility Companies to the Debtors' Motion Pursuant To Sections 105(a) and 366 of the Bankruptcy Code For Order (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Approving the Debtors' Proposed Form of Adequate Assurance, (III) Establishing Procedures For Resolving Objections Thereto By Utility Providers, and (IV) Scheduling a Final Hearing Thereon (Docket No. 230, 09/27/11)

H.  C. Reiss Coal Company's Objection to the Entry of Final Relief on Debtors' Motion Pursuant to Sections 105(a) and 366 of the Bankruptcy Code For Order (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Approving the Debtors' Proposed Form of Adequate Assurance, (III) Establishing Procedures For Resolving Objections Thereto by Utility Providers, and (IV) Scheduling a Final Hearing (Docket No. 232, 09/27/11)

I.  Objection of Texas Gas Transmission, LLC to the Debtors' Utility Motion (Docket No. 233, 09/27/11)

J.  Objection of Wisconsin Public Service Corporation and Upper Peninsula Power Company to Debtors' Motion Pursuant to Sections 105(a) and 366 of the Bankruptcy Code for Order (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (II) Approving the Debtors' Proposed Form of Adequate Assurance, (III) Establishing Procedures for Resolving Objections Thereto by Utility Providers, and (IV) Scheduling a Final Hearing Thereon (Docket No. 234, 09/27/11)

K.  Reservation of Rights of Official Committee of Unsecured Creditors with Respect to (A) Certain First Day Orders, and (B) Certain Motions Scheduled for Hearing on October 4, 2011 at 2:00 p.m. (Docket No. 260, 09/30/11)

Related Documents:

A.  Order (Interim) (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (II) Approving the Debtors' Proposed Form of Adequate Assurance, (III) Establishing Procedures for Resolving Objections Thereto by Utility Providers, and (IV) Scheduling a Final Hearing (Docket No. 75, 09/08/11)

B.  Notice of Entry of Interim Order and Final Hearing on Debtors Motion, Pursuant to Sections 105(a) and 366 of the Bankruptcy Code, For Order (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (II) Approving the Debtors' Proposed Form of Adequate Assurance, (III) Establishing Procedures for Resolving Objections Thereto by Utility Providers, and (IV) Scheduling a Final Hearing Thereon (Docket No. 106, 09/09/11)

C. Additional Assurance Request of Wisconsin Public Service Corporation and Upper Peninsula Power (Docket No. 235, 09/27/11)

Status: The Debtors intend to submit a supplemental final order at the hearing that incorporates agreements with any of the previously adjourned Objectors.

6. Debtors' Motion Pursuant To Bankruptcy Code Section 105(a) And Bankruptcy Rule 2015.3(d) For An Order Authorizing The Waiver Of Certain Reporting Requirements Under Bankruptcy Rule 2015.3(a) For Non-Debtor Entities (Docket No. 163, 09/20/11)

Response Deadline: September 27, 2011, at 4:00 p.m. Extended to September 30, 2011 for the Official Committee of Unsecured Creditors (the "Committee")

Responses:

A. Reservation of Rights of Official Committee of Unsecured Creditors with Respect to (A) Certain First Day Orders, and (B) Certain Motions Scheduled for Hearing on October 4, 2011 at 2:00 p.m. (Docket No. 260, 09/30/11)

B. Limited Objection of Official Committee of Unsecured Creditors to Debtors' Motion Pursuant To Bankruptcy Code Section 105(a) And Bankruptcy Rule 2015.3(d) For An Order Authorizing The Waiver Of Certain Reporting Requirements Under Bankruptcy Rule 2015.3(a) For Non-Debtor Entities (Docket No. 266, 10/03/11)

Related Documents: None.

Status: This matter is going forward. The Debtors expect to submit an agreed, revised proposed order.

7. Application of ALLETE, Inc. (d/b/a Minnesota Power) for Allowance and Payment of Administrative Expense Claim Pursuant To 11 U.S.C. §503(b)(9) (Docket No. 170, 09/20/11)

Response Deadline: October 7, 2011, at 4:00 p.m. Extended to November 2, 2011 for the Debtors

Responses:

A. Debtors' Omnibus Objection to Motions of Various Creditors Seeking Allowance and Immediate Payment of Administrative Expense Claims Arising Under 11 U.S.C. Section 503(b)(9) (Docket No. 415, 10/28/11)

B. Joinder of Official Committee of Unsecured Creditors to Debtors' Omnibus Objection to Motions of Various Creditors Seeking Allowance and Immediate Payment of Administrative Expense Claims Arising Under 11 U.S.C. Section 503(b)(9) (Docket No. 431, 11/02/11

6

Related Documents:

A. Notice of Hearing Regarding Application of ALLETE, Inc. (d/b/a Minnesota Power) for Allowance and Payment of Administrative Expense Claim Pursuant To 11 U.S.C. §503(b)(9) (Docket No. 297, 10/04/11)

Status: This matter is going forward.

8. Motion of Millennium Inorganic Chemicals, Inc. for Allowance and Payment of Administrative Expense Claim Pursuant to Section 503(b)(9) of the Bankruptcy Code. (Docket No. 243, 09/28/11)

    Response Deadline: November 2, 2011, at 4:00 p.m.

    Responses:

    A. Debtors' Omnibus Objection to Motions of Various Creditors Seeking Allowance and Immediate Payment of Administrative Expense Claims Arising Under 11 U.S.C. Section 503(b)(9) (Docket No. 415, 10/28/11)

    B. Joinder of Official Committee of Unsecured Creditors to Debtors' Omnibus Objection to Motions of Various Creditors Seeking Allowance and Immediate Payment of Administrative Expense Claims Arising Under 11 U.S.C. Section 503(b)(9) (Docket No. 431, 11/02/11

    Related Documents: None.

    Status: This matter is going forward.

9. Application of Nalco Company for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. 503(b)(9) (Docket No. 246, 09/28/11)

    Response Deadline: November 2, 2011, at 4:00 p.m.

    Responses:

    A. Debtors' Omnibus Objection to Motions of Various Creditors Seeking Allowance and Immediate Payment of Administrative Expense Claims Arising Under 11 U.S.C. Section 503(b)(9) (Docket No. 415, 10/28/11)

    B. Joinder of Official Committee of Unsecured Creditors to Debtors' Omnibus Objection to Motions of Various Creditors Seeking Allowance and Immediate Payment of Administrative Expense Claims Arising Under 11 U.S.C. Section 503(b)(9) (Docket No. 431, 11/02/11

Related Documents: None.

Status: This matter is going forward.

10. Motion for Payment of Administrative Expenses/Claims Filed by West Fraser Timber Co. Ltd. (Docket No. 279, 10/03/11)

Response Deadline: October 17, 2011, at 4:00 p.m. Extended to October 28, 2011 for the Debtors

Responses:

A. Debtors' Omnibus Objection to Motions of Various Creditors Seeking Allowance and Immediate Payment of Administrative Expense Claims Arising Under 11 U.S.C. Section 503(b)(9) (Docket No. 415, 10/28/11)

B. Joinder of Official Committee of Unsecured Creditors to Debtors' Omnibus Objection to Motions of Various Creditors Seeking Allowance and Immediate Payment of Administrative Expense Claims Arising Under 11 U.S.C. Section 503(b)(9) (Docket No. 431, 11/02/11)

Replies:

A. West Fraser Timber Co. Ltd's Reply to Debtors' Omnibus Objection to Motions of Various Creditors Seeking Allowance and Immediate Payment of Administrative Expense Claims Arising Under 11 U.S.C. Section 503(b)(9) (Docket No. 460, 11/04/11)

Related Documents: None.

Status: This matter is going forward.

11. Motion to Reconsider Order (I) Authorizing Debtors to Continue Using Their Cash Management System, Including the Movement of Funds Between Debtor and Non-Debtor Affiliates, and Maintain Existing Bank Accounts and Business Forms, and (II) Waiving Compliance With the Deposit and Investment Requirements of Section 345 of the Bankruptcy Code (Docket No. 283, 10/03/11)

Response Deadline: October 17, 2011, at 4:00 p.m. Extended to October 25, 2011 at 5:00 p.m. for the Debtors, the Ad Hoc First Lien Noteholders.

Responses:

A. Debtors' Conditional Objection and Reservation of Rights Regarding Motion of Statutory Creditors Committee Seeking Reconsideration of Order (I) Authorizing Debtors to Continue Using Their Cash Management System, Including the Movement of Funds Between Debtor and Non-Debtor Affiliates, and Maintaining

Existing Bank Accounts and Business Forms, and (II) Waiving Compliance with Deposit and Investment Requirements of Section 345 of the Bankruptcy Code (Docket No. 391, 10/25/11)

B.  Objection of Ad Hoc First Lien Noteholders to Motion of the Official Committee of Unsecured Creditors Seeking Reconsideration of Cash Management Order (Docket No. 392, 10/25/11)

C.  Joinder of Ad Hoc Second Lien Noteholders to the Objection of Ad Hoc First Lien Noteholders to Motion of Official Committee of Unsecured Creditors Seeking Reconsideration of Cash Management Order (Docket No. 394, 10/25/11)

Related Documents:

A.  Notice of Filing of Revised Proposed Form of Order Granting Motion of Official Committee of Unsecured Creditors Pursuant to Local Rule 9013-1(m)(v) Seeking Reconsideration of Order (i) Authorizing Debtors to Continue Using Their Cash Management System, Including Movement of Funds Between Debtor and Non-Debtor Affiliates, and Maintain Existing Bank Accounts and Business Forms, and (ii) Waiving Compliance With Deposit and Investment Requirements of Bankruptcy Code Section 345 (Docket No. 476, 11/06/11)

Status: This matter is going forward.

12. Application for Order, Pursuant to Sections 328, 330, and 1102 of the Bankruptcy Code, Authorizing Employment and Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors, Effective as of September 21, 2011 (Docket No 294, 10/04/11)

Response Deadline: October 18, 2011, at 4:00 p.m.

Responses:

A.  Reservation of Rights of Ad Hoc First Lien Noteholders with Respect to Applications for Orders Authorizing Employment and Retention of Paul Hastings LLP and Young Conaway Stargatt & Taylor, LLP as Co-Counsel to the Official Committee of Unsecured Creditors (Docket No. 354, 10/18/11)

Status: This matter is going forward.

13. Application of the Official Committee of Unsecured Creditors for an Order Pursuant to §§ 328, 330, and 1103 of the Bankruptcy Code, Authorizing Employment and Retention, as of September 21, 2011, of Young Conaway Stargatt & Taylor, LLP as Co-Counsel to the Official Committee of Unsecured Creditors (Docket No. 317, 10/05/11)

Response Deadline: October 20, 2011, at 4:00 p.m.

9

Responses:

A. Reservation of Rights of Ad Hoc First Lien Noteholders with Respect to Applications for Orders Authorizing Employment and Retention of Paul Hastings LLP and Young Conaway Stargatt & Taylor, LLP as Co-Counsel to the Official Committee of Unsecured Creditors (Docket No. 354, 10/18/11)

Status: This matter is going forward.

14. Motion of Ferguson Enterprises, Inc. for Allowance and Payment of Administrative Claim Pursuant to 11 U.S.C. §503(b)(9) (Docket No. 347, 10/13/11)

Response Deadline: November 2, 2011, at 4:00 p.m.

Responses:

A. Debtors' Omnibus Objection to Motions of Various Creditors Seeking Allowance and Immediate Payment of Administrative Expense Claims Arising Under 11 U.S.C. Section 503(b)(9) (Docket No. 415, 10/28/11)

B. Joinder of Official Committee of Unsecured Creditors to Debtors' Omnibus Objection to Motions of Various Creditors Seeking Allowance and Immediate Payment of Administrative Expense Claims Arising Under 11 U.S.C. Section 503(b)(9) (Docket No. 431, 11/02/11

Related Documents: None.

Status: This matter is going forward.

15. Application Pursuant to Bankruptcy Code Sections 328, 330 and 1103, Bankruptcy Rule 2014, (A) and Local Rule 2016-2(g) for Order Authorizing Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisor to Official Committee of Unsecured Creditors Effective as of September 26, 2011 (Docket No. 368, 10/20/11)

Response Deadline: November 2, 2011, at 4:00 p.m.

Responses:

A. Debtors' Objection to the Official Committee of Unsecured Creditors' (I) Application Pursuant to Bankruptcy Code Sections 328, 330 and 1103, Bankruptcy Rule 2014(a) and Local Rule 2016-2(g) for Order Authorizing Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisors to Official Committee of Unsecured Creditors Effective as of September 26, 2011 and (II) Application Pursuant to Bankruptcy Code Sections 328(a) and 1103, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(g) for an Order Authorizing Employment and Retention of Moelis & Company

LLC as Investment Banker to Official Committee of Unsecured Creditors, Effective as of September 23, 2011 (Docket No. 428, 11/01/11)

B. Joinder and Objection of Ad Hoc First Lien Noteholders to Application Pursuant to Bankruptcy Code Sections 328, 330 and 1103, Bankruptcy Rule 2014(a) and Local Rule 2016-2(g) for Order Authorizing Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisors to Official Committee of Unsecured Creditors Effective as of September 26, 2011 and (II) Application Pursuant to Bankruptcy Code Sections 328(a) and 1103, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(g) for an Order Authorizing Employment and Retention of Moelis & Company LLC as Investment Banker to Official Committee of Unsecured Creditors, Effective as of September 23, 2011 (Docket No. 430, 11/02/11)

C. Limited Joinder of Ad Hoc Second Lien Noteholders to the Debtors' Objection to the Official Committee of Unsecured Creditors' (I) Application Pursuant to Bankruptcy Code Sections 328, 330 and 1103, Bankruptcy Rule 2014(a) and Local Rule 2016-2(g) for Order Authorizing Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisors to Official Committee of Unsecured Creditors Effective as of September 26, 2011 and (II) Application Pursuant to Bankruptcy Code Sections 328(a) and 1103, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(g) for an Order Authorizing Employment and Retention of Moelis & Company LLC as Investment Banker to Official Committee of Unsecured Creditors, Effective as of September 23, 2011 (Docket No. 434, 11/02/11)

Replies:

A. Omnibus Reply to Objections to Official Committee of Unsecured Creditors' (i) Application Pursuant to Bankruptcy Code Sections 328, 330 and 1103, Bankruptcy Rule 2014(a) and Local Rule 2016-2(g) for Order Authorizing Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisors to Official Committee of Unsecured Creditors Effective as of September 26, 2011 and (ii) Application Pursuant to Bankruptcy Code Sections 328(a) and 1103, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(g) for Order Authorizing Employment and Retention of Moelis & Company LLC as Investment Banker to Official Committee of Unsecured Creditors Effective as of September 23, 2011 (Docket No. 477, 11/06/11)

Related Documents: None.

Status: This matter is going forward.

16. Application Pursuant Code Sections 328(a) and 1103, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(g) for an Order Authorizing Employment and Retention of Moelis & Company LLC as Investments Banker to Official Committee of Unsecured Creditors, Effective as of September 23, 2011 (Docket No. 369, 10/20/11)

    Response Deadline: November 2, 2011, at 4:00 p.m.

    Responses:

    A. Debtors' Objection to the Official Committee of Unsecured Creditors' (I) Application Pursuant to Bankruptcy Code Sections 328, 330 and 1103, Bankruptcy Rule 2014(a) and Local Rule 2016-2(g) for Order Authorizing Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisors to Official Committee of Unsecured Creditors Effective as of September 26, 2011 and (II) Application Pursuant to Bankruptcy Code Sections 328(a) and 1103, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(g) for an Order Authorizing Employment and Retention of Moelis & Company LLC as Investment Banker to Official Committee of Unsecured Creditors, Effective as of September 23, 2011 (Docket No. 428, 11/01/11)

    B. Joinder and Objection of Ad Hoc First Lien Noteholders to Application Pursuant to Bankruptcy Code Sections 328, 330 and 1103, Bankruptcy Rule 2014(a) and Local Rule 2016-2(g) for Order Authorizing Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisors to Official Committee of Unsecured Creditors Effective as of September 26, 2011 and (II) Application Pursuant to Bankruptcy Code Sections 328(a) and 1103, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(g) for an Order Authorizing Employment and Retention of Moelis & Company LLC as Investment Banker to Official Committee of Unsecured Creditors, Effective as of September 23, 2011 (Docket No. 430, 11/02/11)

    C. Limited Joinder of Ad Hoc Second Lien Noteholders to the Debtors' Objection to the Official Committee of Unsecured Creditors' (I) Application Pursuant to Bankruptcy Code Sections 328, 330 and 1103, Bankruptcy Rule 2014(a) and Local Rule 2016-2(g) for Order Authorizing Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisors to Official Committee of Unsecured Creditors Effective as of September 26, 2011 and (II) Application Pursuant to Bankruptcy Code Sections 328(a) and 1103, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(g) for an Order Authorizing Employment and Retention of Moelis & Company LLC as Investment Banker to Official Committee of Unsecured Creditors, Effective as of September 23, 2011 (Docket No. 434, 11/02/11)

Replies:

A. Omnibus Reply to Objections to Official Committee of Unsecured Creditors' (i) Application Pursuant to Bankruptcy Code Sections 328, 330 and 1103, Bankruptcy Rule 2014(a) and Local Rule 2016-2(g) for Order Authorizing Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisors to Official Committee of Unsecured Creditors Effective as of September 26, 2011 and (ii) Application Pursuant to Bankruptcy Code Sections 328(a) and 1103, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(g) for Order Authorizing Employment and Retention of Moelis & Company LLC as Investment Banker to Official Committee of Unsecured Creditors Effective as of September 23, 2011 (Docket No. 477, 11/06/11)

Related Documents: None.

Status: This matter is going forward.

17. Motion for Allowance and Payment of Administrative Expense claim Against NewPage Corporation Pursuant to 11 U.S.C.§503(b)(9) [Filed by KaMin LLC] (Docket No. 379, 10/21/11)

Response Deadline: November 2, 2011, at 4:00 p.m.

Responses:

A. Debtors' Omnibus Objection to Motions of Various Creditors Seeking Allowance and Immediate Payment of Administrative Expense Claims Arising Under 11 U.S.C. Section 503(b)(9) (Docket No. 415, 10/28/11)

B. Joinder of Official Committee of Unsecured Creditors to Debtors' Omnibus Objection to Motions of Various Creditors Seeking Allowance and Immediate Payment of Administrative Expense Claims Arising Under 11 U.S.C. Section 503(b)(9) (Docket No. 431, 11/02/11

Related Documents: None.

Status: This matter is going forward.

DOCS_DE:174495.3 59998-001

18. Motion of KaMin LLC to Compel NewPage Corporation to Assume or Reject Procurement Agreement (Docket No. 380, 10/21/11)

    Response Deadline: November 2, 2011, at 4:00 p.m.

    Responses:

    A. Debtors' Objection to Motion of KaMin LLC to Compel NewPage Corporation to Assume or Reject Procurement Agreement (Docket No. 433, 11/02/11)

    B. Joinder of Official Committee of Unsecured Creditors to Debtors' Objection to Motion of KaMin LLC to Compel NewPage Corporation to Assume or Reject Procurement Agreement (Docket No. 447, 11/03/11)

    Related Documents: None.

    Status: This matter is going forward.

19. Motion of Official Committee of Unsecured Creditors for Entry of Order, Pursuant to Bankruptcy Rule 2004, Authorizing Discovery from NewPage Corporation and Certain Other Parties With Respect to NewPage Port Hawkesbury (Docket No. 409, 10/27/11)

    Response Deadline: November 4, 2011, at 4:00 p.m.

    Responses:

    A. Letter to Judge Gross Requesting that Your Honor Deny Relief Sought by the Committee as it Pertains to the Monitor [Filed by Ernst & Young Inc., as Monitor] (Docket No. 459, 11/04/11)

    B. Objection of JPMorgan Chase Bank, N.A., Administrative Agent to the DIP Lenders, to the Motion of the Official Committee of Unsecured Creditors Pursuant to Bankruptcy Rule 2004 (Docket No. 466, 11/04/11)

    C. Objection of Cerberus Capital Management, L.P. to Motion of Official Committee of Unsecured Creditors for Entry of Order, Pursuant to Bankruptcy Rule 2004, Authorizing Discovery from NewPage Corporation and Certain Other Parties With Respect to NewPage Port Hawkesbury (Docket No. 469, 11/04/11)

    D. Debtors Objection to Motion of Statutory Creditors Committee for Entry of Order, Pursuant to Bankruptcy Rule 2004, Authorizing Discovery from NewPage Corporation and Certain Other Parties With Respect to NewPage Port Hawkesbury (Docket No. 471, 11/04/11)

    E. Joinder of Ad Hoc Second Lien Noteholders to the Debtors Objection to Motion of Statutory Creditors Committee for Entry of Order, Pursuant to Bankruptcy

Rule 2004, Authorizing Discovery from NewPage Corporation and Certain Other Parties With Respect to NewPage Port Hawkesbury (Docket No. 472, 11/04/11)

F. Joinder to Debtors' Objection to Motion of Statutory Creditors Committee for Entry of Order, Pursuant to Bankruptcy Rule 2004, Authorizing Discovery from NewPage Corporation and Certain Other Parties With Respect to NewPage Port Hawkesbury (Docket No. 474, 11/04/11)

Related Documents:

A. Amended Notice of Hearing Regarding Motion of Official Committee of Unsecured Creditors for Entry of Order, Pursuant to Bankruptcy Rule 2004, Authorizing Discovery from NewPage Corporation and Certain Other Parties with respect to NewPage Port Hawkesbury (Docket No. 413, 10/28/11)

Status: This matter is going forward.

Dated: November 7, 2011

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
Michael R. Seidl (Bar No. 3889)
Timothy P. Cairns (Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302.652.4100
Facsimile: 302.652.4400

-and-

Martin J. Bienenstock
Judy G.Z. Liu
Philip M. Abelson
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333

*Attorneys for the Debtors and Debtors in Possession*