# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x

|  |  |
|---|---|
| *In re* | Chapter 11 |
| **NEWPAGE CORPORATION,** *et al.,* | Case No. 11-12804 (KG) |
| Debtors.[1] | Jointly Administered |

-----------------------------------------------------------x

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## NEWPAGE CONSOLIDATED PAPERS INC. (CASE NO. 11-12817)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Chillicothe Paper Inc. (6154), Escanaba Paper Company (5598), Luke Paper Company (6265), NewPage Canadian Sales LLC (5384), NewPage Consolidated Papers Inc. (8330), NewPage Corporation (6156), NewPage Energy Services LLC (1838), NewPage Group Inc. (2465), NewPage Holding Corporation (6158), NewPage Port Hawkesbury Holding LLC (8330), NewPage Wisconsin System Inc. (3332), Rumford Paper Company (0427), Upland Resources, Inc. (2996), and Wickliffe Paper Company LLC (8293). The Debtors' corporate headquarters is located at 8540 Gander Creek Drive, Miamisburg, OH 45342.

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------x
                                                             :
*In re*                                                      :   **Chapter 11**
                                                             :
**NEWPAGE CORPORATION**, *et al.*,                           :   **Case No. 11-12804 (KG)**
                                                             :
            Debtors.[1]                    :   **Jointly Administered**
                                                             :
-------------------------------------------------------------x

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

On September 7, 2011 (the "Commencement Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") filed by the Debtors in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") were prepared pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by the Debtors' management with unaudited information available as near as possible to the Commencement Date, unless otherwise indicated. The Schedules and SOFAs do not purport to be financial statements prepared in accordance with generally accepted accounting principles in the United States ("GAAP"), and they are not intended to be fully reconciled to the Debtors' financial statements.

The Schedules and SOFAs have been signed by an authorized representative of the Debtors. In reviewing and signing the Schedules and SOFAs, the Debtors' authorized representative relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Such representative has not (and could not have) personally

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Chillicothe Paper Inc. (6154), Escanaba Paper Company (5598), Luke Paper Company (6265), NewPage Canadian Sales LLC (5384), NewPage Consolidated Papers Inc. (8330), NewPage Corporation (6156), NewPage Energy Services LLC (1838), NewPage Group Inc. (2465), NewPage Holding Corporation (6158), NewPage Port Hawkesbury Holding LLC (8330), NewPage Wisconsin System Inc. (3332), Rumford Paper Company (0427), Upland Resources, Inc. (2996), and Wickliffe Paper Company LLC (8293). The Debtors' corporate headquarters is located at 8540 Gander Creek Drive, Miamisburg, OH 45342.

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and SOFAs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Debtors' Schedules and SOFAs, and should be referred to and reviewed in connection with any review of the Schedules and SOFAs.

1.  Reservation of Rights. The Debtors' chapter 11 cases are large and complex. Although the Debtors' management made every reasonable effort to ensure the Schedules and SOFAs are as accurate and complete as possible, based on the information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and SOFAs, and inadvertent errors or omissions may have occurred. Because the Schedules and SOFAs contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and SOFAs are complete and accurate.

Nothing contained in the Schedules and SOFAs or these Global Notes shall constitute an admission or a waiver of any of the Debtors' rights to assert any claims or defenses. For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured nonpriority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of any claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract. Failure to designate a claim on the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated."[2] Further, nothing contained in the Schedules and SOFAs shall constitute a waiver of any of the Debtors' rights with respect to these chapter 11 cases and specifically with respect to any issues involving equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Debtors reserve all rights to amend the Schedules and SOFAs as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

---

[2] The first three sentences of the paragraph in the text do not apply to the scheduled claims of (a) the holders of certain 11.375% senior secured first lien notes due 2014 (the "First Lien Notes") or (b) the holders of certain 10% fixed rate senior secured second lien notes due 2012 (the "Second Lien Fixed Rate Notes") and the holders of certain floating rate senior secured second lien notes due 2012 (the "Second Lien Floating Rate Notes," and together with the Second Lien Fixed Rate Notes, the "Second Lien Notes").

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

2.  <u>Reporting Date</u>. The Debtors' fiscal year ends on December 31. All asset and liability information, except where otherwise noted, is provided as of the Commencement Date.

3.  <u>Currency</u>. All amounts are reflected in U.S. dollars as of the Commencement Date, unless otherwise noted below. Assets and liabilities denominated in foreign currencies are translated into U.S. dollars at reasonable market exchange rates at the appropriate period end.

4.  <u>Estimates and Assumptions</u>. The preparation of the Schedules and SOFAs required the Debtors to make certain estimates and assumptions that affected the reported amounts of assets and liabilities, the disclosure of contingent assets and liabilities, and the reported amounts of revenue and expense. Actual results could differ materially from these estimates.

5.  <u>Asset Presentation and Valuation</u>. The Debtors do not have current market valuations for all assets. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all assets. Wherever possible, unless otherwise indicated, net book values as of the Commencement Date are presented. When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." Amounts ultimately realized may vary materially from net book value (or whatever value was ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, or adjust the asset values set forth herein. As applicable, fixed assets and leasehold improvement assets that have been fully depreciated or fully amortized, or were expensed for GAAP accounting purposes, have no net book value and are therefore not included in the Schedules and SOFAs.

6.  <u>Liabilities</u>. Some of the scheduled liabilities are unknown, contingent, and/or unliquidated at this time. In such cases, the amounts are listed as "Unknown" or "Undetermined." Accordingly, the Schedules and SOFAs do not accurately reflect the aggregate amount of the Debtors' total liabilities.

7.  <u>Consolidated Accounts Payable and Disbursements System</u>. The Debtors use a centralized cash management system to streamline collection, transfer, and disbursement of funds generated by the Debtors' business operations. The Debtors accurately record which entity has made such collections, transfers, and disbursements as they are made. The cash management system is operated and maintained by Debtor NewPage Corporation ("<u>NewPage</u>"), the Debtors' primary corporate entity. All receivables are received by, and all payables are paid by, NewPage on behalf of each of the Debtors and non-debtor affiliates, with the exception of NewPage Port Hawkesbury Corporation, a non-debtor affiliate organized under the laws of Nova Scotia, Canada, in the ordinary course of business and Consolidated Water Power Co., a non-debtor affiliate organized under the laws of Wisconsin, in the ordinary course of business. The Debtors

US1 32252949.7

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

record in their books and records any receipts and/or disbursements made on behalf of Debtor and non-debtor affiliates as intercompany balances.

8.    <u>Intercompany Transactions</u>.  Both before and after the Commencement Date, and pursuant to Bankruptcy Court approval, the Debtors routinely engaged (and continue to engage) in intercompany transactions with non-debtor subsidiaries and affiliates.  The respective intercompany accounts payable and receivable as of the Commencement Date, if any, are reflected in the respective Debtors' Schedules and SOFAs, subject to the limitations noted above related to the Debtors' Consolidated Accounts Payable and Disbursements System.    The Debtors reserve all rights with respect to such intercompany accounts payable and receivable.

9.    <u>Leases</u>.  Any unexpired leases are included on Schedule G.  To the extent any amounts were outstanding under any leases as of the Commencement Date, the lessors have been included on Schedule F.

10.   <u>Recharacterization</u>.    The Debtors made all reasonable efforts to correctly characterize, classify, categorize, or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAs. Due to the complexity and size of the Debtors' business, however, it is possible that the Debtors improperly characterized, classified, categorized, or designated certain items.  In addition, certain items reported in the Schedules and SOFAs may be included in more than one category.  The designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

11.   <u>Undetermined or Unknown Amounts</u>.    The description of an amount as "Undetermined" or "Unknown" is not intended to reflect upon the materiality of such amount.  Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts.    Further, the claims of individual creditors, for among other things, goods, services, or taxes are listed as amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors or setoffs applied by such creditors against amounts due by such creditors to the Debtors with respect to any such credits and allowances.

12.   <u>Bankruptcy Court First-Day Orders</u>.    The Bankruptcy Court authorized the Debtors to pay various outstanding prepetition claims, including, but not limited to: payments relating to employee compensation, benefits, and taxing authorities; payments for the transportation and warehousing of the Debtors goods and materials; payments to critical trade vendors; and other prepetition liabilities. Where the Schedules list creditors and set forth the Debtors' scheduled amount attributable to such claims, such scheduled amount reflects amounts owed as of the Commencement Date but adjusted for any payments made for prepetition liabilities as allowed by order of the Bankruptcy Court as of the time of the

US1 32252949.7

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

preparation of these documents.  To the extent any adjustments are further necessary for any additional payments to be made on account of such claims following the commencement of these chapter 11 cases pursuant to the authority granted to the Debtors by the Bankruptcy Court, such adjustments have not been included in the Schedules and SOFAs unless otherwise noted on the applicable Schedule.

13.    <u>Contingent Assets and Causes of Action</u>.  Despite the Debtors' reasonable efforts to identify all known assets, the Debtors may not have listed all causes of action or potential causes of action against third parties as assets in the Schedules and SOFAs, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any potential claims, causes of action, or avoidance actions, and neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such potential claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against non-debtor affiliates for various financial accommodations and or benefits extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (i) letters of credit, (ii) surety bonds, (iii) guarantees, (iv) indemnities, (v) warranties, and (vi) other arrangements.

Additionally, prior to the Commencement Date, the Debtors, as plaintiff, may have commenced various lawsuits in the ordinary course of business against third parties seeking monetary damages for business-related losses.

14.    <u>Guarantees and Other Secondary Liability Claims</u>.  The Debtors used their reasonable best efforts to locate and identify guarantees and other secondary liability claims (the "<u>Guarantees</u>") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Where such Guarantees have been identified, they were included in the relevant Schedules. The Debtors placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation.  Such Guarantees were also placed on Schedule D or F, as applicable, for each guarantor. Further, the Debtors believe certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been inadvertently omitted.  Thus, the Debtors reserve their rights to amend the Schedules to the extent that additional Guarantees are identified.  In addition, the Debtors reserve the right to amend the Schedules and SOFAs to recharacterize or reclassify any such contract or claim.

15.    <u>Investigations</u>.  From time to time, the Debtors may be subject to certain investigations from various governmental and nongovernmental entities.  The

US1 32252949.7

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

Debtors have complied with all requests for documents and information. Since the Commencement Date, the Debtors have not been engaged in any proceedings regarding these investigations, and therefore excluded this information from the Schedules and SOFAs.

16. <u>Amendments</u>. Pursuant to Bankruptcy Rule 1009, the Debtors may amend the Schedules and SOFAs as necessary and appropriate to reflect material changes, if any, that arise during the pendency of these chapter 11 cases. In addition, the Debtors reserve the right to dispute or assert offsets or defenses to any claim listed on the Schedules.

17. <u>Assumptions Used in Preparing Answers to Specific Questions on the Schedules and SOFAs</u>.

a. <u>SOFA Question #1.</u> For accounting purposes, all sales of finished paper products made by the operating Debtors are reported by NewPage Corporation. Finished goods paper inventory is produced by the various operating Debtors and then transferred, for accounting purposes, to NewPage Corporation to be sold to customers. These sales are listed as "operating" sales in the NewPage Corporation SOFA question 1. Small amounts of intermediate wood products are also produced and sold from time to time by the operating Debtors. These sales are listed as "wood product" sales in SOFA question 1.

b. <u>SOFA Question #2</u>. Interest income includes interest earned on investment securities, intercompany receivables, and other miscellaneous interest income items.

Other Income for NewPage Corporation also includes certain alternative fuel tax credits. The Debtors burn by-product wood materials produced at the Debtors' mills as an alternative fuel source to generate power at their mills. During 2009, the U.S. Internal Revenue Code granted a refundable excise tax credit for alternative fuel mixtures produced for use as a fuel. Accordingly, NewPage Corporation recognized Other Income for the alternative fuel tax credit in the amount of $304 million in 2009 and an additional $22 million in 2010, relating to an amended request for 2009. The tax credit program expired on December 31, 2009.

c. <u>SOFA Question #3b.</u> The cash disbursement processes, for all Debtor and non-Debtor companies are centralized through NewPage Corporation's corporate operations with all payments coming in and out of bank accounts owned by NewPage Corporation. However, the Debtors' information systems do capture the appropriate disbursing legal entity information.

***These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.***

These payments are for obligations incurred by NewPage Corporation as well as the obligations of the operating Debtors. SOFA question 3b lists payments made by the legal entity which incurred the obligation. While NewPage Corporation has no operations, for accounting purposes it sells the paper produced by the operating Debtors and therefore incurs obligations for out-bound transportation and other logistics costs associated with delivering paper to its customers. In addition, NewPage Corporation incurs obligations for corporate expenditure, including but not limited to: professional services, IT providers, customer programs, telecommunication, and employee benefit providers. NewPage Corporation also performs research and development activities on behalf of the organization and incurs obligations for the purchase of raw materials, chemicals and other operating supplies. These purchases are often from the same suppliers that provide these goods and services to the subsidiaries of NewPage Corporation. In addition, all prepayments to vendors are recorded as disbursements from NewPage Corporation in its accounting records, no matter which legal entity the purchase relates to. When the invoices related to these prepayments are processed, they are recorded against the legal entity that purchased the goods and/or services.

Transfers of cash between Debtor-owned cash accounts are not reflected in this question. Purchases of foreign currency are also not reflected in SOFA question 3b.

The Debtors employ Ceridian Corporation ("Ceridian") to process payroll for all Debtors, including making payments to employees for their calculated net pay, and transferring funds to the applicable taxing authorities for employee tax withholdings. Ceridian calculates the amounts (net pay, tax withholding and benefits withholding) for each payroll and communicates these amounts to NewPage Corporation. NewPage Corporation remits payments directly to third party benefit providers for employee benefit withholdings and funds the cash requirements to Ceridian, usually the day before the payroll due date. Thus, payments to individual employees are not shown in response to SOFA question 3b but are included in the listed payments to Ceridian.

Payments to the Debtors' professionals that have been retained pursuant to Bankruptcy Court order can be found on SOFA question 9.

d.    <u>SOFA Question #3c</u>. The listing of a party as an "Insider," throughout the Schedules and SOFAs, is not intended to be, nor shall be, construed as a legal characterization or determination of such party as an actual insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

7

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

e.   SOFA Question #8.   Worker's compensation claims generally were excluded from the Schedules and SOFAs because the Debtors are performing their obligations as required by law and in accordance with Bankruptcy Court orders granting authority to the Debtors to satisfy those obligations in the ordinary course.   The schedule also excludes any *de minimis* claims which did not exceed the deductible amount for certain insurance policies.

f.   SOFA Question #10.   The Debtors make small *de minimis* transfers of assets in the ordinary course of business and do not record all small transfers in their accounting or other records.   Thus, information on all transfers, or certain information relating to such transfers, may not have been available nor included in SOFA question #10.

g.   SOFA Question #13.   As part of their customer rebate and incentive programs, certain customers routinely reduce payments to NewPage Corporation for the purchase of paper products by the amount of the rebate or incentive earned.   In addition, from time to time, and in the ordinary course of business, customers may reduce payments to NewPage Corporation for returns and credits.   These types of transactions have not been included in SOFA question # 13.

h.   SOFA Question #14.   The Debtors routinely withhold or retain certain funds from employees for payment to certain governmental authorities. These funds are held in trust for turnover to the applicable governmental authority.   Since the Debtors do not retain control of these funds, nor are these funds considered property of the estate, such amounts have not been itemized under SOFA question #14.

i.   SOFA Question #19d.   Prior to the commencement of these chapter 11 cases, the Debtors considered numerous options with respect to restructuring alternatives.     These restructuring alternatives included discussions with third parties, who, subject to confidentiality agreements, may have been granted access to certain information as requested from the Debtors' books and records.

Prior to October 17, 2011, the Debtors filed periodic reports with the Securities and Exchange Commission and as such, in the ordinary course, the Debtor may have provided consolidated financial information to banks, customers, suppliers, rating agencies and other various interested parties.   In addition, in connection with their restructuring efforts, the Debtors provided financial statements to potential lenders and investors prior to the Commencement Date.

j.   SOFA Questions #20a & 20b.   The Debtors maintain raw materials, stores (parts & supplies), and semi-finished & finished goods inventory at the

8

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

operating Debtors and NewPage Corporation. The raw material, stores and semi-finished inventory at NewPage Corporation relate to inventory located at NewPage Port Hawkesbury Corp. for which title vested in NewPage Corporation pursuant to that certain settlement agreement between NewPage Corporation and NewPage Port Hawkesbury Corp. Finished goods at NewPage Corporation are unsold paper that is produced by the operating Debtors and transferred for accounting purposes to NewPage Corporation for sale.

Inventory counts take place primarily on a periodic cycle basis (weekly, monthly or less frequently) and on different schedules for the various mill locations. During the cycle count process, a certain sub-population of the inventory is counted. The large dollar/heavy use items are counted more frequently. All inventory items are counted at least annually. The inventory is not typically counted in its entirety at any one time. The responsibility for conducting the inventory counts is generally with the mill purchasing groups and monitored by the mill controllers. On a corporate level, the process is the responsibility of the Director, Mill Order Management and the Finance Business Manager, Operations for finished goods inventory.

k.  SOFA Question #23. All payments to insiders of the Debtors have been listed under SOFA question #3c, including all forms of compensation, such as grants of stock options. SOFA question #23 incorporates by reference items listed under SOFA question #3c, and vice versa.

l.  Schedule Summary Pages. To the extent certain amounts on the individual schedules have been scheduled as "Unknown," such amounts have not been incorporated into the summary cover pages for the applicable schedule.

m.  Schedule B2. Cash accounts are presented at book value, unless otherwise noted. Accounts with a $0.00 amount are either zero balance accounts or inactive accounts.

n.  Schedule B9. Individual insurance policies have been listed under the specific Debtor that is the signatory to the policy. Other Debtor and non-Debtor companies may be covered by these policies and could receive future settlements thereunder.

o.  Schedule B13. For the purposes of Schedule B13, each Debtor included only direct ownership interests in a subsidiary, and excluded any indirect ownership interest.

p.  Schedule B16. In accordance with the Amended Order (I) Authorizing Debtors to Continue Using Their Cash Management System, Including the

9

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

Movement of Funds Between Debtors and Non-Debtor Affiliates, and Maintain Existing Bank Accounts and Business Forms, and (II) Waiving Compliance with the Deposit and Investment Requirements of Section 345 of The Bankruptcy Code, dated October 7, 2011 [Docket No. 320], NewPage Corporation maintains intercompany ("I/C") receivables/payables with its operating subsidiaries. NewPage Corporation records I/C receivables for payments made on behalf of its operating subsidiaries, who in turn record corresponding I/C payables. NewPage Corporation records I/C payables for purchases of finished goods inventory from its operating subsidiaries, who in turn record I/C receivables.

In applying purchase accounting methods for business combinations under U.S. GAAP, NewPage Corporation recorded large I/C receivables in connection with its acquisition from Mead/Westvaco of the Escanaba, Rumford, Luke and Wickliffe mills. Since the acquisition, the amount of the I/C receivables have decreased, because the value of paper sold by those operating subsidiaries to NewPage Corporation exceeds the operating costs NewPage Corporation pays on their behalf.

Conversely, when applying purchase accounting for the acquisition of the NewPage Wisconsin System (which includes the Wisconsin Rapids, Biron, Duluth and Stevens Point mills) the allocation of purchase price was held in an Investment in Subsidiary account rather than an I/C account. NewPage Corporation maintains an I/C payable in favor of the NewPage Wisconsin System, as those mills have maintained a net positive cash flow to NewPage Corporation over the years.

q.    Schedule D. Except as otherwise agreed pursuant to a stipulation, or order entered by the Bankruptcy Court, the Debtors reserve all rights to dispute or challenge validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable security agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and SOFAs shall be deemed a modification or interpretation of the terms of such agreements. The Debtors' obligations arising under the prepetition Revolving Credit and Guaranty Agreement, dated as of

US1 32252949.7

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

December 21, 2007 (as amended) are not included in Schedule D because those obligations in the amount of approximately $232 million plus accrued interest and fees have been satisfied with the proceeds from the Debtors' Debtor-in-Possession financing.

r. <u>Schedule E</u>. Certain claims listed on Schedule E are claims owing to various taxing authorities and to certain former employees to which the Debtors may potentially be liable. These claims may be the subject of ongoing audits or other determinations and the Debtors may be unable to determine with certainty the amount of many, if not all, of the claims listed on Schedule E. Therefore, the Debtors listed all such claim amounts as "Unknown" in amount, pending final resolution of ongoing audits or other determinations. Pursuant to various orders of the Bankruptcy Court, the Debtors are authorized to and may have already paid certain prepetition obligations. Therefore, certain claims otherwise entitled to priority under section 507 of the Bankruptcy Code have either not been listed on Schedule E because they have already been satisfied in the ordinary course or to the extent that such claims are listed on Schedule E may have been satisfied in the ordinary course of business and the Debtors reserve all rights to dispute, object to, or otherwise contest any such amounts scheduled.

s. <u>Schedule F.</u> The Debtors scheduled only claims and executory contracts for which the Debtors may be contractually and/or directly liable. No claims have been scheduled for which the Debtors may have benefited indirectly from a contractual relationship to which a Debtor was not a named party. No claims have been scheduled where payments to third parties were made on the Debtors' behalf for administrative convenience or as a result of the Debtors' cash management system.

The Debtors maintain a centralized disbursement system with all payments coming in and out of bank accounts owned by NewPage Corporation. These payments are for obligations incurred by NewPage Corporation as well as the obligations of the operating Debtors. NewPage Corporation accurately records the legal entity for which such payment or receivable is being made. Schedule F lists general unsecured claims by the legal entity which incurred the obligation. While NewPage Corporation has no operations, for accounting purposes it sells the paper produced by the operating Debtors and therefore incurs obligations for out-bound transportation and other logistics costs associated with delivering paper to its customers. In addition, NewPage Corporation incurs obligations for corporate expenditure, including but not limited to: professional services, IT providers, customer programs, telecommunication, and employee benefit providers. NewPage Corporation also performs research and development activities on behalf

11

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

of the organization and incurs obligations for the purchase of raw materials, chemicals and other operating supplies. These purchases are often from the same suppliers that provide these goods and services to the subsidiaries of NewPage Corporation.

t.      Schedule G. The Debtors' business is large and complex. While the Debtors' existing records and information systems have been relied upon to identify and schedule executory contracts and every effort has been made to ensure the accuracy of the Schedules of Executory Contracts and Unexpired Leases, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed therein may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements which may not be listed therein. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

The Debtors have hundreds of confidentiality agreements, many of which the Debtors believe may be executory. At the time of filing the Schedules, the Debtors were still in the process of compiling information related to these confidentiality agreements. The Debtors intend to supplement Schedule G with an addendum listing these additional agreements as soon as they have completed the compilation of all the relevant information.

The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the rights to dispute or challenge the characterization or the structure of any transaction document or instrument. Certain executory agreements may not have been memorialized and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in Schedule G.

u.      Schedule H. In the ordinary course of business, the Debtors may be involved in pending or threatened litigation or other claims. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. These claims have not been set forth individually on Schedule H. As a result of prior merger and acquisition transactions, the Debtors have assumed certain liabilities that occurred prior to the Debtors' ownership of its businesses. The liabilities may include, but are not limited to, workers' compensation,

12

*These Global Notes regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

asbestos litigation, and environmental matters. If the Debtors do not satisfy these claims, the creditors of these obligations may have recourse to pursue satisfaction of these claims against the prior owners of the Debtors' businesses. These entities include Mead/Westvaco Corporation and Stora Enso Oyj. As it is not certain whether these creditors have recourse against the former owners of these businesses, these claims have not been set forth individually on Schedule H. In addition, many of the claims have numerous defendants, such as the asbestos litigation, but only the first named defendant in the case caption is listed.

Schedule H includes Guarantees by various non-Debtor affiliates. The Debtors may not have identified all Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. The Debtors reserve all rights to amend the Schedules to the extent that additional Guarantees are identified or such Guarantees are discovered to have expired or be unenforceable.

18. <u>Limitation of Liability</u>. The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. The Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their officers, employees, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

**B6 Summary (Official Form 6 - Summary) (12/07)**
**UNITED STATES BANKRUPTCY COURT**
**District of Delaware**

**In re: NewPage Consolidated Papers Inc.**                          **Case No. 11-12817 (KG)**

**Chapter 11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 14 | $0.00 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 3 | | $2,794,054,152.50 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 4 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $264,850,102.47 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 10 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | 35 | $0.00 | $3,058,904,254.97 | |

B6A (Official Form 6A) (12/07)

**In re: NewPage Consolidated Papers Inc.**                                                    **Case No. 11-12817 (KG)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| NONE | | | | |
| | | Total | $0.00 | |

(Report total also on Summary of Schedules.)

Page 1 of 1

B6B (Official Form 6B) (12/07

**In re: NewPage Consolidated Papers Inc.**                                            **Case No. 11-12817 (KG)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007 (m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |

Subtotal (Total on this page)          $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                    **Case No. 11-12817 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |

Subtotal (Total on this page)          $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                                    **Case No. 11-12817 (KG)**

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |

Subtotal (Total on this page)  $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                                    **Case No. 11-12817 (KG)**

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

Subtotal (Total on this page)          $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                                  **Case No. 11-12817 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | See Attached Exhibit Schedule B13 | | Unknown |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |

Subtotal (Total on this page)          $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                                        **Case No. 11-12817 (KG)**

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16.  Accounts Receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |

Subtotal (Total on this page)            $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                                      **Case No. 11-12817 (KG)**

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Subtotal (Total on this page)          $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                                    Case No. 11-12817 (KG)

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | Fountain Applicator For Coating A Paper Web And Method<br>Registration Date: 1/20/1999<br>Registration Number: 105940 | | Unknown[1] |
| | | Fountain Applicator For Coating A Paper Web And Method<br>Registration Date: 1/20/1999<br>Registration Number: 675984 | | Unknown |

Subtotal (Total on this page) | $0.00

Footnote:
(1) The Debtors do not record the value of each patent and trademark individually. The value of all patents and trademarks is recorded on NewPage Corporation's accounting records as $6,315,195.91.

B6B (Official Form 6B) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                    **Case No. 11-12817 (KG)**

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |

Subtotal (Total on this page)          $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                    **Case No. 11-12817 (KG)**

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |

Subtotal (Total on this page)    $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                                    **Case No. 11-12817 (KG)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |

Subtotal (Total on this page)          $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                                    **Case No. 11-12817 (KG)**

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32.  Crops - growing or harvested.  Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |

Subtotal (Total on this page)   $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                                    **Case No. 11-12817 (KG)**

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Subtotal (Total on this page) | $0.00 |
| Total | $0.00 |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

**In re: NewPage Consolidated Papers Inc.**
**Case No. 11-12817**
Exhibit to Schedule B13
Personal Property - Stock and interests in incorporated and unincorporated businesses

| Business Name | Address | City | State | Zip | Description of Stock or Business Interest | Ownership % or # of shares | Net Book Value of investment |
|---|---|---|---|---|---|---|---|
| NEWPAGE PORT HAWKESBURY HOLDING LLC | 8540 GANDER CREEK DRIVE | MIAMISBURG | OH | 45342 | 2,259 SHARES | 100% | UNKNOWN |
| NEWPAGE WISCONSIN SYSTEM INC. | 8540 GANDER CREEK DRIVE | MIAMISBURG | OH | 45342 | 200 SHARES OF COMMON STOCK | 100% | UNKNOWN |
| | | | | | | TOTAL: | UNKNOWN |

B6D (Official Form 6D) (12/07)

**In re: NewPage Consolidated Papers Inc.**                                      Case No. 11-12817 (KG)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Airtek Construction, Inc. Gavin F. McDaniel 800 King Street Plaza Level Wilmington, DE 19801 | X | | 9/21/2011 Mechanics Lien Docket 179 | X | X | X | $553,338.12 | Unknown |

|  | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Subtotal(s) (Total(s) on this page) | | | | $553,338.12 | $0.00 |

B6D (Official Form 6D) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                                    **Case No. 11-12817 (KG)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Airtek Construction, Inc.<br>Gavin F. McDaniel<br>800 King Street Plaza Level<br>Wilmington, DE 19801 | X | | 9/21/2011<br><br>Mechanics Lien Docket 179 | X | X | X | $8,407.20 | Unknown |
| The Bank of New York Mellon<br>James Briggs<br>101 Barclay Street<br>Floor 8W<br>New York, NY 10286 | X | | Guarantor under 11.375% Senior Secured Notes Due 2014 | X | | | $1,733,176,567.70[1] | Unknown |

| | | |
|---|---|---|
| Subtotal(s) (Total(s) on this page) | $1,733,184,974.90 | $0.00 |

Footnote:
(1) Net of Original Issue Discount.

B6D (Official Form 6D) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                              Case No. 11-12817 (KG)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Wilmington Trust, National Association, as Successor Trustee Patrick J. Healy Rodney Square North 1100 North Market Street Wilmington, DE 19890-1600 | X | | Guarantor under 10% Senior Secured Notes Due 2012 | X | | | $833,811,801.04[(2)] | Unknown |
| Wilmington Trust, National Association, as Successor Trustee Patrick J. Healy Rodney Square North 1100 North Market Street Wilmington, DE 19890-1600 | X | | Guarantor under Floating Rate Senior Secured Notes Due 2012 | X | | | $226,504,038.44 | Unknown |
| Subtotal(s) (Total(s) on this page) | | | | | | | $1,060,315,839.48 | $0.00 |
| Total(s) (Use only on last page) | | | | | | | $2,794,054,152.50 | $0.00 |
| | | | | | | | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

Footnote:
(2)  Net of Original Issue Discount.

B6E (Official Form 6E) (04/10)

**In re: NewPage Consolidated Papers Inc.**                    **Case No. 11-12817 (KG)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIM   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6E (Official Form 6E) (04/10) - Cont.

**In re: NewPage Consolidated Papers Inc.**                                                                    **Case No. 11-12817 (KG)**

☐  **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/10) - Cont.

**In re: NewPage Consolidated Papers Inc.**                              **Case No. 11-12817 (KG)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| See Attached Exhibit Schedule E | | | | X | X | X | Unknown | Unknown | Unknown |
| Subtotals (Totals on this page): | | | | | | | $0.00 | $0.00 | $0.00 |
| Total: (Report also on the Summary of Schedules) | | | | | | | $0.00 | | |
| Totals: (Report also on the Statistical Summary of Certain Liabilities Related Data) | | | | | | | | $0.00 | $0.00 |

**In re: NewPage Consolidated Papers Inc.**
**Case No. 11-12817**
Exhibit to Schedule E
Creditors Holding Unsecured Priority Claims

| Creditor's Name | Address 1 | Address 2 | City | State | Zip | Country | Codebtor | Date claim was incurred and consideration for claim | Contingent | Unliquidated | Disputed | Total amount of claim | Amount entitled to priority | Amount not entitled to priority if any |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ARIZONA DEPARTMENT OF REVENUE | PO BOX 29079 | | PHOENIX | AZ | 85007 | | | FRANCHISE TAX | | | X | UNKNOWN | UNKNOWN | UNKNOWN |
| CALIFORNIA FRANCHISE TAX BOARD | PO BOX 942857 | | SACRAMENTO | CA | 95814 | | | FRANCHISE TAX | | | X | UNKNOWN | UNKNOWN | UNKNOWN |
| ILLINOIS DEPARTMENT OF REVENUE | PO BOX 19008 | | SPRINGFIELD | IL | 62709 | | | FRANCHISE TAX | | | X | UNKNOWN | UNKNOWN | UNKNOWN |
| KANSAS DEPARTMENT OF REVENUE | CORPORATE INCOME TAX | 915 SW HARRISON STREET | TOPEKA | KS | 66699-4000 | | | FRANCHISE TAX | | | X | UNKNOWN | UNKNOWN | UNKNOWN |
| MAINE REVENUE SERVICES | PO BOX 9114 | 624 STATE HOUSE STATION | AUGUSTA | ME | 04333-0101 | | | FRANCHISE TAX | | | X | UNKNOWN | UNKNOWN | UNKNOWN |
| MASSACHUSETTS DEPARTMENT OF REVENUE | PO BOX 70046 | ONE ASHBURTON PLACE, ROOM 1717 | BOSTON | MA | 02108 | | | FRANCHISE TAX | X | | X | UNKNOWN | UNKNOWN | UNKNOWN |
| MICHIGAN DEPARTMENT OF TREASURY | PO BOX 30783 | 7150 HARRIS DRIVE | LANSING | MI | 48909 | | | FRANCHISE TAX | X | | X | UNKNOWN | UNKNOWN | UNKNOWN |
| MINNESOTA REVENUE | MAIL STATION | | ST. PAUL | MN | 55145-1250 | | | FRANCHISE TAX | X | | X | UNKNOWN | UNKNOWN | UNKNOWN |
| MONTANA DEPARTMENT OF REVENUE | PO BOX 8021 | 125 N ROBERTS | HELENA | MT | 59601 | | | FRANCHISE TAX | X | | X | UNKNOWN | UNKNOWN | UNKNOWN |
| NEBRASKA DEPARTMENT OF REVENUE | PO BOX 94818 | NE STATE OFFICE BUILDING 301 CENTENNIAL MALL SOUTH, 2ND FLOOR | LINCOLN | NE | 68509-4818 | | | FRANCHISE TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION | PO BOX 637 | 109 PLEASANT STREET | CONCORD | NH | 03301-4898 | | | FRANCHISE TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| NEW YORK CITY DEPARTMENT OF FINANCE | GENERAL CORPORATION TAX | 301 CENTENNIAL MALL SOUTH, 2ND FLOOR | KINGSTON | NY | 12402-5050 | | | FRANCHISE TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| NEW YORK STATE CORPORATION TAX | PROCESSING UNIT | WA HARRIMAN STATE CAMPUS | ALBANY | NY | 12227 | | | FRANCHISE TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| NORTH DAKOTA OFFICE OF STATE TAX COMMISSIONER | 600 E. BOULEVARD AVE., DEPT 127 | | BISMARCK | ND | 58505-0599 | | | FRANCHISE TAX | X | | X | UNKNOWN | UNKNOWN | UNKNOWN |
| OREGON DEPARTMENT OF REVENUE | PO BOX 14790 | 955 CENTER STREET NE | SALEM | OR | 97301-2555 | | | FRANCHISE TAX | X | | X | UNKNOWN | UNKNOWN | UNKNOWN |
| TEXAS COMPTROLLER OF PUBLIC ACCOUNTS | PO BOX 149348 | LYNDON B. JOHNSON STATE OFFICE BUILDING, 111 EAST 17TH STREET | AUSTIN | TX | 78774 | | | FRANCHISE TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| UTAH STATE TAX COMMISSION | 210 N 1950 W | | SALT LAKE CITY | UT | 84134-0300 | | | FRANCHISE TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| VERMONT DEPARTMENT OF TAXES | 133 STATE STREET | | MONTPELIER | VT | 05633-1401 | | | FRANCHISE TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| VIRGINIA DEPARTMENT OF TAXATION | PO BOX 1500 | 5810 KINGSTOWNE CENTER DR | RICHMOND | VA | 23218 | | | FRANCHISE TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| WEST VIRGINIA STATE TAX DEPARTMENT | INTERNAL AUDITING DIVISION | CAPITOL BLDG, W-300 | CHARLESTON | WV | 25305 | | | FRANCHISE TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| WISCONSIN DEPARTMENT OF REVENUE | PO BOX 8908 | 125 S. WEBSTER STREET | MADISON | WI | 53708 | | | FRANCHISE TAX | X | X | TOTAL | UNKNOWN | UNKNOWN | UNKNOWN |

B6F (Official Form 6F) (12/07)

**In re: NewPage Consolidated Papers Inc.**                                    **Case No. 11-12817 (KG)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| HSBC Bank, USA, as Successor Trustee Attn Sandra Horwitz 10 E 40th Street 14th Floor New York, NY 10016 | | | Guarantor 12% Senior Subordinated Notes due 2013 | X | | | $207,884,353.30[1] |
| NewPage Corporation c/o Doug Cooper, Vice President, General Counsel & Secretary 8540 Gander Creek Drive Miamisburg, OH 45342 | | | Intercompany Claim | | | | $56,965,749.17 |

Subtotal (Total on this page)  $264,850,102.47

Footnote:
(1)  Net of Original Issue Discount.

B6F (Official Form 6F) (12/07) - Cont.

**In re: NewPage Consolidated Papers Inc.**                                   **Case No. 11-12817 (KG)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| | |
|---|---:|
| Subtotal (Total on this page) | $0.00 |
| Total | $264,850,102.47 |
| (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

B6G (Official Form 6G) (12/07)

**In re: NewPage Consolidated Papers Inc.**                                          **Case No. 11-12817 (KG)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| NONE | |

B6H (Official Form 6H) (12/07)

**In re: NewPage Consolidated Papers Inc.**                    **Case No. 11-12817 (KG)**

## SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. Bankr. P. 1007(m)

☐ Check this box if debtor has no codebtors.

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| See Attached Exhibit Schedule H | |

In re: NewPage Consolidated Papers Inc.
Case No. 11-12817
Exhibit to Schedule H
Codebtors

| Name and address of codebtor | Name and address of creditor |
|---|---|
| CHILLICOTHE PAPER INC.<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | AIRTEK CONSTRUCTION, INC.<br>800 KING STREET, PLAZA LEVEL<br>WILMINGTON, DE 19801 |
| CHILLICOTHE PAPER INC.<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | HSBC BANK, USA, AS SUCCESSOR TRUSTEE<br>ATTN SANDRA HORWITZ<br>10 E 40TH STREET 14TH FL<br>NEW YORK, NY 10016 |
| CHILLICOTHE PAPER INC.<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | THE BANK OF NEW YORK MELLON<br>JAMES BRIGGS<br>101 BARCLAY STREET<br>FLOOR 8W<br>NEW YORK, NY 10286 |
| CHILLICOTHE PAPER INC.<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>10% SENIOR SECURED NOTES DUE 2012 |
| CHILLICOTHE PAPER INC.<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>FLOATING RATE SENIOR SECURED NOTES DUE 2012 |
| ESCANABA PAPER COMPANY<br>7100 COUNTY ROAD 426<br>ESCANABA, MI 49829 | AIRTEK CONSTRUCTION, INC.<br>800 KING STREET, PLAZA LEVEL<br>WILMINGTON, DE 19801 |
| ESCANABA PAPER COMPANY<br>7100 COUNTY ROAD 426<br>ESCANABA, MI 49829 | HSBC BANK, USA, AS SUCCESSOR TRUSTEE<br>ATTN SANDRA HORWITZ<br>10 E 40TH STREET 14TH FL<br>NEW YORK, NY 10016 |

**In re: NewPage Consolidated Papers Inc.**
**Case No. 11-12817**
Exhibit to Schedule H
Codebtors

| Name and address of codebtor | Name and address of creditor |
| --- | --- |
| ESCANABA PAPER COMPANY<br>7100 COUNTY ROAD 426<br>ESCANABA, MI 49829 | THE BANK OF NEW YORK MELLON<br>JAMES BRIGGS<br>101 BARCLAY STREET<br>FLOOR 8W<br>NEW YORK, NY 10286 |
| ESCANABA PAPER COMPANY<br>7100 COUNTY ROAD 426<br>ESCANABA, MI 49829 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>10% SENIOR SECURED NOTES DUE 2012 |
| ESCANABA PAPER COMPANY<br>7100 COUNTY ROAD 426<br>ESCANABA, MI 49829 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>FLOATING RATE SENIOR SECURED NOTES DUE 2012 |
| LUKE PAPER COMPANY<br>300 PRATT STREET<br>LUKE, MD 21540 | AIRTEK CONSTRUCTION, INC.<br>800 KING STREET, PLAZA LEVEL<br>WILMINGTON, DE 19801 |
| LUKE PAPER COMPANY<br>300 PRATT STREET<br>LUKE, MD 21540 | HSBC BANK, USA, AS SUCCESSOR TRUSTEE<br>ATTN SANDRA HORWITZ<br>10 E 40TH STREET 14TH FL<br>NEW YORK, NY 10016 |
| LUKE PAPER COMPANY<br>300 PRATT STREET<br>LUKE, MD 21540 | THE BANK OF NEW YORK MELLON<br>JAMES BRIGGS<br>101 BARCLAY STREET<br>FLOOR 8W<br>NEW YORK, NY 10286 |
| LUKE PAPER COMPANY<br>300 PRATT STREET<br>LUKE, MD 21540 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>10% SENIOR SECURED NOTES DUE 2012 |

**In re: NewPage Consolidated Papers Inc.**
**Case No. 11-12817**
Exhibit to Schedule H
Codebtors

| Name and address of codebtor | Name and address of creditor |
|---|---|
| LUKE PAPER COMPANY<br>300 PRATT STREET<br>LUKE, MD 21540 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>FLOATING RATE SENIOR SECURED NOTES DUE 2012 |
| NEWPAGE CANADIAN SALES LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | AIRTEK CONSTRUCTION, INC.<br>800 KING STREET, PLAZA LEVEL<br>WILMINGTON, DE 19801 |
| NEWPAGE CANADIAN SALES LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | HSBC BANK, USA, AS SUCCESSOR TRUSTEE<br>ATTN SANDRA HORWITZ<br>10 E 40TH STREET 14TH FL<br>NEW YORK, NY 10016 |
| NEWPAGE CANADIAN SALES LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | THE BANK OF NEW YORK MELLON<br>JAMES BRIGGS<br>101 BARCLAY STREET<br>FLOOR 8W<br>NEW YORK, NY 10286 |
| NEWPAGE CANADIAN SALES LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>10% SENIOR SECURED NOTES DUE 2012 |
| NEWPAGE CANADIAN SALES LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>FLOATING RATE SENIOR SECURED NOTES DUE 2012 |
| NEWPAGE CORPORATION<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | AIRTEK CONSTRUCTION, INC.<br>800 KING STREET, PLAZA LEVEL<br>WILMINGTON, DE 19801 |

**In re: NewPage Consolidated Papers Inc.**
**Case No. 11-12817**
Exhibit to Schedule H
Codebtors

| Name and address of codebtor | Name and address of creditor |
|---|---|
| NEWPAGE CORPORATION<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | HSBC BANK, USA, AS SUCCESSOR TRUSTEE<br>ATTN SANDRA HORWITZ<br>10 E 40TH STREET 14TH FL<br>NEW YORK, NY 10016 |
| NEWPAGE CORPORATION<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | THE BANK OF NEW YORK MELLON<br>JAMES BRIGGS<br>101 BARCLAY STREET<br>FLOOR 8W<br>NEW YORK, NY 10286 |
| NEWPAGE CORPORATION<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>10% SENIOR SECURED NOTES DUE 2012 |
| NEWPAGE CORPORATION<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>FLOATING RATE SENIOR SECURED NOTES DUE 2012 |
| NEWPAGE ENERGY SERVICES LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | AIRTEK CONSTRUCTION, INC.<br>800 KING STREET, PLAZA LEVEL<br>WILMINGTON, DE 19801 |
| NEWPAGE ENERGY SERVICES LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | HSBC BANK, USA, AS SUCCESSOR TRUSTEE<br>ATTN SANDRA HORWITZ<br>10 E 40TH STREET 14TH FL<br>NEW YORK, NY 10016 |
| NEWPAGE ENERGY SERVICES LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | THE BANK OF NEW YORK MELLON<br>JAMES BRIGGS<br>101 BARCLAY STREET<br>FLOOR 8W<br>NEW YORK, NY 10286 |

In re: NewPage Consolidated Papers Inc.
Case No. 11-12817
Exhibit to Schedule H
Codebtors

| Name and address of codebtor | Name and address of creditor |
|---|---|
| NEWPAGE ENERGY SERVICES LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>10% SENIOR SECURED NOTES DUE 2012 |
| NEWPAGE ENERGY SERVICES LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>FLOATING RATE SENIOR SECURED NOTES DUE 2012 |
| NEWPAGE PORT HAWKESBURY CORPORATION<br>1959 UPPER WATER STREET<br>SUITE 1300<br>HALIFAX, NOVA SCOTIA B3J 3N2 | HSBC BANK, USA, AS SUCCESSOR TRUSTEE<br>ATTN SANDRA HORWITZ<br>10 E 40TH STREET 14TH FL<br>NEW YORK, NY 10016 |
| NEWPAGE PORT HAWKESBURY CORPORATION<br>1959 UPPER WATER STREET<br>SUITE 1300<br>HALIFAX, NOVA SCOTIA B3J 3N2 | THE BANK OF NEW YORK MELLON<br>JAMES BRIGGS<br>101 BARCLAY STREET<br>FLOOR 8W<br>NEW YORK, NY 10286 |
| NEWPAGE PORT HAWKESBURY CORPORATION<br>1959 UPPER WATER STREET<br>SUITE 1300<br>HALIFAX, NOVA SCOTIA B3J 3N2 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>10% SENIOR SECURED NOTES DUE 2012 |
| NEWPAGE PORT HAWKESBURY CORPORATION<br>1959 UPPER WATER STREET<br>SUITE 1300<br>HALIFAX, NOVA SCOTIA B3J 3N2 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>FLOATING RATE SENIOR SECURED NOTES DUE 2012 |

Page 5 of 9

In re: NewPage Consolidated Papers Inc.
Case No. 11-12817
Exhibit to Schedule H
Codebtors

| Name and address of codebtor | Name and address of creditor |
|---|---|
| NEWPAGE PORT HAWKESBURY HOLDING LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | AIRTEK CONSTRUCTION, INC.<br>800 KING STREET, PLAZA LEVEL<br>WILMINGTON, DE 19801 |
| NEWPAGE PORT HAWKESBURY HOLDING LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | HSBC BANK, USA, AS SUCCESSOR TRUSTEE<br>ATTN SANDRA HORWITZ<br>10 E 40TH STREET 14TH FL<br>NEW YORK, NY 10016 |
| NEWPAGE PORT HAWKESBURY HOLDING LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | THE BANK OF NEW YORK MELLON<br>JAMES BRIGGS<br>101 BARCLAY STREET<br>FLOOR 8W<br>NEW YORK, NY 10286 |
| NEWPAGE PORT HAWKESBURY HOLDING LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>10% SENIOR SECURED NOTES DUE 2012 |
| NEWPAGE PORT HAWKESBURY HOLDING LLC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>FLOATING RATE SENIOR SECURED NOTES DUE 2012 |
| NEWPAGE WISCONSIN SYSTEM INC.<br>231 FIRST STREET NORTH<br>WISCONSIN RAPIDS, WI 54454 | AIRTEK CONSTRUCTION, INC.<br>800 KING STREET, PLAZA LEVEL<br>WILMINGTON, DE 19801 |
| NEWPAGE WISCONSIN SYSTEM INC.<br>231 FIRST STREET NORTH<br>WISCONSIN RAPIDS, WI 54454 | HSBC BANK, USA, AS SUCCESSOR TRUSTEE<br>ATTN SANDRA HORWITZ<br>10 E 40TH STREET 14TH FL<br>NEW YORK, NY 10016 |

Page 6 of 9

In re: NewPage Consolidated Papers Inc.
Case No. 11-12817
Exhibit to Schedule H
Codebtors

| Name and address of codebtor | Name and address of creditor |
|---|---|
| NEWPAGE WISCONSIN SYSTEM INC.<br>231 FIRST STREET NORTH<br>WISCONSIN RAPIDS, WI 54454 | THE BANK OF NEW YORK MELLON<br>JAMES BRIGGS<br>101 BARCLAY STREET<br>FLOOR 8W<br>NEW YORK, NY 10286 |
| NEWPAGE WISCONSIN SYSTEM INC.<br>231 FIRST STREET NORTH<br>WISCONSIN RAPIDS, WI 54454 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>10% SENIOR SECURED NOTES DUE 2012 |
| NEWPAGE WISCONSIN SYSTEM INC.<br>231 FIRST STREET NORTH<br>WISCONSIN RAPIDS, WI 54454 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>FLOATING RATE SENIOR SECURED NOTES DUE 2012 |
| RUMFORD PAPER COMPANY<br>35 HARTFORD STREET<br>RUMFORD, ME 04276 | AIRTEK CONSTRUCTION, INC.<br>800 KING STREET, PLAZA LEVEL<br>WILMINGTON, DE 19801 |
| RUMFORD PAPER COMPANY<br>35 HARTFORD STREET<br>RUMFORD, ME 04276 | HSBC BANK, USA, AS SUCCESSOR TRUSTEE<br>ATTN SANDRA HORWITZ<br>10 E 40TH STREET 14TH FL<br>NEW YORK, NY 10016 |
| RUMFORD PAPER COMPANY<br>35 HARTFORD STREET<br>RUMFORD, ME 04276 | THE BANK OF NEW YORK MELLON<br>JAMES BRIGGS<br>101 BARCLAY STREET<br>FLOOR 8W<br>NEW YORK, NY 10286 |
| RUMFORD PAPER COMPANY<br>35 HARTFORD STREET<br>RUMFORD, ME 04276 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>10% SENIOR SECURED NOTES DUE 2012 |

In re: NewPage Consolidated Papers Inc.
Case No. 11-12817
Exhibit to Schedule H
Codebtors

| Name and address of codebtor | Name and address of creditor |
|---|---|
| RUMFORD PAPER COMPANY<br>35 HARTFORD STREET<br>RUMFORD, ME 04276 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>FLOATING RATE SENIOR SECURED NOTES DUE 2012 |
| UPLAND RESOURCES, INC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | AIRTEK CONSTRUCTION, INC.<br>800 KING STREET, PLAZA LEVEL<br>WILMINGTON, DE 19801 |
| UPLAND RESOURCES, INC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | HSBC BANK, USA, AS SUCCESSOR TRUSTEE<br>ATTN SANDRA HORWITZ<br>10 E 40TH STREET 14TH FL<br>NEW YORK, NY 10016 |
| UPLAND RESOURCES, INC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | THE BANK OF NEW YORK MELLON<br>JAMES BRIGGS<br>101 BARCLAY STREET<br>FLOOR 8W<br>NEW YORK, NY 10286 |
| UPLAND RESOURCES, INC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>10% SENIOR SECURED NOTES DUE 2012 |
| UPLAND RESOURCES, INC<br>8540 GANDER CREEK DRIVE<br>MIAMISBURG, OH 45342 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>FLOATING RATE SENIOR SECURED NOTES DUE 2012 |
| WICKLIFFE PAPER COMPANY LLC<br>1724 FORT JEFFERSON HILL ROAD<br>WICKLIFFE, KY 42087 | AIRTEK CONSTRUCTION, INC.<br>800 KING STREET, PLAZA LEVEL<br>WILMINGTON, DE 19801 |

**In re: NewPage Consolidated Papers Inc.**
**Case No. 11-12817**
Exhibit to Schedule H
Codebtors

| Name and address of codebtor | Name and address of creditor |
|---|---|
| WICKLIFFE PAPER COMPANY LLC<br>1724 FORT JEFFERSON HILL ROAD<br>WICKLIFFE, KY 42087 | HSBC BANK, USA, AS SUCCESSOR TRUSTEE<br>ATTN SANDRA HORWITZ<br>10 E 40TH STREET 14TH FL<br>NEW YORK, NY 10016 |
| WICKLIFFE PAPER COMPANY LLC<br>1724 FORT JEFFERSON HILL ROAD<br>WICKLIFFE, KY 42087 | THE BANK OF NEW YORK MELLON<br>JAMES BRIGGS<br>101 BARCLAY STREET<br>FLOOR 8W<br>NEW YORK, NY 10286 |
| WICKLIFFE PAPER COMPANY LLC<br>1724 FORT JEFFERSON HILL ROAD<br>WICKLIFFE, KY 42087 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>10% SENIOR SECURED NOTES DUE 2012 |
| WICKLIFFE PAPER COMPANY LLC<br>1724 FORT JEFFERSON HILL ROAD<br>WICKLIFFE, KY 42087 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE<br>PATRICK J. HEALY<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET ST<br>WILMINGTON, DE 19890-1600<br>FLOATING RATE SENIOR SECURED NOTES DUE 2012 |

Page 9 of 9

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: NewPage Consolidated Papers Inc.

Case No. 11-12817 (KG)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, Ronald J. Arling, Controller and Chief Accounting Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 51 sheets , and that they are true and correct to the best of my knowledge, information, and belief.

Date ___12-8-11___

Signature: _____

Ronald J. Arling

Controller and Chief Accounting Officer

-----------------------------------------------------------------------------------------------------------------------------------

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.