# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x
:
*In re*                                                    :  Chapter 11
:
NEWPAGE CORPORATION, *et al.*,                             :  Case No. 11-12804 (KG)
:
Debtors.[1]                                                :  Jointly Administered
:
-----------------------------------------------------------x  Related Docket No. 577

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DELOITTE FINANCIAL ADVISORY SERVICES LLP AS BANKRUPTCY AND EMERGENCE ACCOUNTING SERVICES PROVIDER *NUNC PRO TUNC* TO OCTOBER 14, 2011

Upon the application dated as of November 23, 2011 (the "Application"),[2] of NewPage Corporation ("NewPage") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively with NewPage, the "Debtors"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, for an order authorizing the employment and retention of Deloitte Financial Advisory Services LLP ("Deloitte FAS") as bankruptcy and emergence accounting services provider, *nunc pro tunc* to October 4, 2011, all as more fully described in the Application; and upon consideration of the Declaration of Anthony Sasso, a Director of Deloitte FAS (the "Sasso Declaration"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Chillicothe Paper Inc. (6154), Escanaba Paper Company (5598), Luke Paper Company (6265), NewPage Canadian Sales LLC (5384), NewPage Consolidated Papers Inc. (8330), NewPage Corporation (6156), NewPage Energy Services LLC (1838), NewPage Group Inc. (2465), NewPage Holding Corporation (6158), NewPage Port Hawkesbury Holding LLC (8330), NewPage Wisconsin System Inc. (3332), Rumford Paper Company (0427), Upland Resources, Inc. (2996), and Wickliffe Paper Company LLC (8293). The Debtors' corporate headquarters is located at 8540 Gander Creek Drive, Miamisburg, OH 45342.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

US1 31473364.2

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no trustee or examiner having been appointed in these chapter 11 cases, and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and upon the Application, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is approved as may be modified herein; and it is further

ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 the Debtors are authorized to employ and retain Deloitte FAS, *nunc pro tunc* to October 14, 2011, and in accordance with the terms and conditions of the Engagement Letter, as may be modified herein, and subject to the following:

    a.    Deloitte FAS shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification therefore are approved by the Court;

    b.    The Debtors shall have no obligation to indemnify Deloitte FAS, or provide contribution or reimbursement to Deloitte FAS, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Deloitte FAS' gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Deloitte FAS' contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination

        as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which Deloitte FAS should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Deloitte FAS believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Deloitte FAS must file an application therefore in this Court, and the Debtors may not pay any such amounts to Deloitte FAS before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Deloitte FAS for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Deloitte FAS. All parties in interest shall retain the right to object to any demand by Deloitte FAS for indemnification, contribution, or reimbursement; and it is further

    ORDERED that Deloitte FAS shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court; and it is further

    ORDERED that the terms and conditions of the Engagement Letter, as modified by this Order, are approved; and it is further

    ORDERED that to the extent the Debtors and Deloitte FAS enter into any additional agreements, the Debtors will file such agreements with the Bankruptcy Court. To the extent there are any objections to the additional services to be provided by Deloitte FAS, the Debtors will promptly schedule a hearing before the Court. All additional services will be subject to the provisions of this Order; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 9, 2011
Wilmington, Delaware

_____
The Honorable Kevin Gross
Chief Judge, United States Bankruptcy Court

US1 31473364.2