**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------x
: 
*In re*                                                    :    **Chapter 11**
                                                            :
**NEWPAGE CORPORATION,** *et al.,*             :    **Case No. 11-12804 (KG)**
                                                            :
**Debtors.**[1]                                     :    **Jointly Administered**
                                                            :
------------------------------------------------------------x

Objection Deadline: May 29, 2012, at 4:00 p.m. (prevailing Eastern time)
Hearing Date: June 22, 2012, at 3:00 p.m. (prevailing Eastern time)

**DEBTORS' SUPPLEMENTAL APPLICATION
PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a)
AND LOCAL RULE 2014-1 FOR ORDER EXPANDING
THE SCOPE OF PRICEWATERHOUSECOOPERS
LLP'S RETENTION, *NUNC PRO TUNC* TO APRIL 11, 2012**

NewPage Corporation ("NewPage") and certain of its subsidiaries and affiliates,

as debtors and debtors in possession (collectively with NewPage, the "Debtors"), submit this

supplemental application (the "Supplemental Application") for an order expanding the scope of

PricewaterhouseCoopers LLP's ("PwC") retention in these chapter 11 cases, *nunc pro tunc* to

April 11, 2012.  In support of this Supplemental Application, the Debtors respectfully represent:

**Background**

1.       On September 7, 2011 (the "Commencement Date"), each of the Debtors

commenced a voluntary case under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors continue to operate their businesses and manage their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Chillicothe Paper Inc. (6154), Escanaba Paper Company (5598), Luke Paper Company (6265), NewPage Canadian Sales LLC (5384), NewPage Consolidated Papers Inc. (8330), NewPage Corporation (6156), NewPage Energy Services LLC (1838), NewPage Group Inc. (2465), NewPage Holding Corporation (6158), NewPage Port Hawkesbury Holding LLC (8330), NewPage Wisconsin System Inc. (3332), Rumford Paper Company (0427), Upland Resources, Inc. (2996), and Wickliffe Paper Company LLC (8293).  The Debtors' corporate headquarters is located at 8540 Gander Creek Drive, Miamisburg, OH 45342.

properties as debtors in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 8, 2011, this Court entered an order authorizing the joint administration of the Debtors' chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.      On September 21, 2011, the United States Trustee (the "U.S. Trustee") appointed a statutory creditors' committee pursuant to section 1102 of the Bankruptcy Code (the "Committee").

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## NewPage's Business

5.      The Debtors and their non-debtor subsidiaries and affiliates (the "Company") comprise the largest coated paper manufacturer in North America, based on production capacity.  Headquartered in Miamisburg, Ohio, NewPage is the Company's primary operating subsidiary and directly and indirectly owns the other Debtors and various other affiliated non-debtor entities.  The Company's mills primarily produce coated paper, typically used in magazines, magazine covers and inserts, corporate annual reports, high-end advertising brochures, direct mail advertising, coated labels, catalogs, and textbooks.  Although the Company also manufactures supercalendered paper, uncoated paper, and specialty labels, coated paper represented approximately 80% of its net sales for the year ended December 31, 2011.

2

6.      Non-debtor NewPage Port Hawkesbury Corp. ("NPPH"), which owns a mill in Port Hawkesbury, Canada, commenced proceedings under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, in the Supreme Court of Nova Scotia, in Halifax, Nova Scotia, on September 9, 2011.

**PwC's Retention**

7.      On October 7, 2011, the Debtors filed an *Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1 for Order (I) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Auditor and Accountant, Nunc Pro Tunc to the Commencement Date and (II) Waiving the Requirements of Local Rule 2016-2(d)* [Docket No. 327] (the "Retention Application"), seeking permission to employ PwC to audit and review, as applicable, the Debtors' financial statements for the year ended December 31, 2011.

8.      On November 9, 2011, this Court issued an order approving the Retention Application [Docket No. 519] (the "Retention Order").  On December 20, 2011, this Court entered an amended order approving the Retention Application reflecting certain language that was erroneously omitted from the Retention Order [Docket No. 765] (the "Amended Retention Order").

**Relief Requested**

9.      By this Supplemental Application, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, the Debtors seek an order, substantially in the form attached hereto as Exhibit A, expanding the scope of PwC's retention to encompass certain additional services described below (collectively, the "Additional Services").

3

**The Additional Services**

10.     The Additional Services for which the Debtors propose to employ PwC are described in the engagement letter by and between PwC, NewPage Holding Corporation, and NewPage, dated as of March 8, 2012 (the "Supplemental Engagement Letter"). The Supplemental Engagement Letter is attached hereto as Exhibit B. The Additional Services primarily relate to the audit of the Debtors' 2012 financials and include the following:

    a.     To the extent the Debtors emerge from chapter 11 in 2012, an audit of the consolidated financial statements of NewPage Group Inc., NewPage Holding Corporation, and NewPage for the period January 1, 2012 to the date of emergence from these chapter 11 cases. Upon completion of the audit, PwC will provide an audit report with regard to such financial statements;

    b.     To the extent the Debtors emerge from chapter 11 in 2012, an audit of the consolidated financial statements of NewPage Group Inc., NewPage Holding Corporation, and NewPage at December 31, 2012, and for the period from the date of emergence from chapter 11 to December 31, 2012. Upon completion of the audit, PwC will provide an audit report with regard to such financial statements; and

    c.     If the Debtors do not emerge from these chapter 11 cases in 2012, an audit of the debtor in possession consolidated financial statements of NewPage Group, Inc., NewPage Holding Corporation, and NewPage at December 31, 2012. Upon completion of the audit, PwC will provide an audit report with regard to such financial statements.

11.     The Debtors anticipate that they will incur fees in the amount of approximately $1,226,500 in respect of the Additional Services. This estimate does not include certain non-recurring audit work (the "Non-Recurring Audit Work") that will be required in conjunction with the (i) debtor in possession procedures, including design of and testing the operating effectiveness of management's control over liabilities subject to compromise balances, charges recorded in the reorganization line item, and ASC 852-10 disclosures, and performing audit tests over the liabilities subject to compromise, reorganization cost balances, and ASC 852-

10 disclosures if the Debtors do not emerge from bankruptcy in 2012; (ii) procedures associated

with emerging from bankruptcy, including predecessor audit and fresh start accounting; or

(iii) accounting and auditing matters which may arise from non-routine events, transactions, and

activities, including but not limited to restructuring events, liquidity and recapitalization events,

new contractual arrangements, accounting adjustments, and adoption of accounting standards.

Fees arising from Non-Recurring Audit Work are estimated to be approximately $100,000 if the

Debtors do not emerge from these chapter 11 cases in 2012, and approximately $1,175,000 if

they do emerge from these chapter 11 cases in 2012.

**Compensation for the Additional Services**

12.    The Additional Services will be subject to the terms and conditions of the

Amended Retention Order in all respects.  The Debtors incorporate by reference the contents of

the Retention Application, including the supporting declaration submitted therewith.

13.    Compensation for PwC's work in connection with the Additional Services,

excluding the Non-Recurring Audit Work, is expected to be billed accordingly to the following

schedule:

| Invoice Date | Billing Total |
|---|---|
| May 2012 | $160,000 |
| June 2012 | $150,000 |
| July 2012 | $180,000 |
| August 2012 | $150,000 |
| September 2012 | $150,000 |
| October 2012 | $180,000 |
| November 2012 | $150,000 |
| December 2012 | $106,500 |
| **Total** | **$1,226,500** |

DOCS_DE:180218.1 59998-001

14.     The Non-Recurring Audit Work will be billed at the hourly rates set forth
in the table below:

| Staff Class | Engagement Team | Specialists |
|---|---|---|
| Partner | $600 - $700 | $749 - $939 |
| Senior Manager/Director | $375 - $580 | $603 - $614 |
| Manager | $290 - $375 | $467 - $499 |
| Senior Associate | $200 - $240 | $374 - $386 |
| Associate | $120 - $175 | $291 - $331 |
| Administrative Assistant | $100 - $135 | $119 |

15.     For services (a) billed on the fixed fee schedule attached to the
Supplemental Engagement Letter as Attachment B, PwC shall include as an exhibit to each fee
application (i) a summary of the approximate time spent by professionals in lieu of
contemporaneous time records in partial hour increments and (ii) a general description of the
services provided, or (b) provided on an hourly basis, PwC shall submit time records setting
forth a description of the services rendered by each professional and the amount of time spent on
each date, in half hour increments, consistent with the terms of the Amended Retention Order.
Further, PwC will apply to the Court, by the same application for all services rendered, for
allowance of compensation and reimbursement of expenses in accordance with the applicable
provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines
established by the U.S. Trustee, and any further orders of this Court.

## Notice

16.     No trustee or examiner has been appointed in these chapter 11 cases.
Notice of this Supplemental Application has been provided by first-class mail to the following
parties:  (i) the U.S. Trustee; (ii) attorneys for JPMorgan Chase, N.A., as administrative agent for
the debtor in possession financing; (iii) attorneys for Wells Fargo Capital Finance LLC, as
administrative agent for the prepetition senior secured revolver; (iv) attorneys for Bank of New

6

York Mellon, as indenture trustee for the 11.375% senior secured first-lien notes due 2014; (v) attorneys for Wilmington Trust, National Association, as indenture trustee for the 10% fixed rate senior secured second lien notes due 2012 and the floating rate senior secured second lien notes due 2012; (vi) attorneys for HSBC Bank USA, National Association, as the indenture trustee for the 12% senior unsecured subordinated notes due 2013; (vii) attorneys for U.S. Bank, National Association, as the indenture trustee for the floating rate senior unsecured PIK notes due 2013; (viii) attorneys for Deutsche Bank Trust Company Americas, as indenture trustee for the floating rate senior unsecured PIK notes due 2015; (ix) attorneys for the informal group of certain holders of the 10% fixed rate senior secured second lien notes and floating rate senior secured second lien notes; (x) attorneys for the Committee; and (xi) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Debtors submit that no other or further notice need be provided.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

WHEREFORE the Debtors respectfully request an order (i) expanding the scope of PwC's retention to encompass the Additional Services, *nunc pro tunc* to April 11, 2012, and (ii) providing such other and further relief as the Court deems just and proper.

Dated: May 11, 2012
      Miamisburg, Ohio

                              NewPage Corporation
                              (for itself and on behalf of its affiliated debtors
                              and debtors in possession)

                              By:

                              George F. Martin
                              President and CEO