IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ------------------------------------------------------------x | |
| *In re* | : Chapter 11 |
| | : |
| NEWPAGE CORPORATION, *et al.*, | : Case No. 11-12804 (KG) |
| | : |
| Debtors.[1] | : Jointly Administered |
| | : |
| | : Objection Deadline: July 2, 2012 at |
| ------------------------------------------------------------x | 4:00 p.m. (prevailing Eastern time) |
| | Hearing Date and Time: July 9, 2012 |
| | at 2:00 p.m. (prevailing Eastern time) |

## DEBTORS' APPLICATION PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULE 2014(a), AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PROSKAUER ROSE LLP AS SUBSTITUTE ATTORNEYS FOR THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012

NewPage Corporation ("NewPage") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively with NewPage, the "Debtors") in the above captioned cases, submit this application (the "Application") for an order pursuant to sections 327(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order approving the employment and retention of Proskauer Rose LLP ("Proskauer") as their substitute attorneys in connection with their chapter 11 cases, *nunc pro tunc* to May 14, 2012. This Application is supported by the *Declaration of Philip M. Abelson in Support of Debtors' Application, Pursuant*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Chillicothe Paper Inc. (6154), Escanaba Paper Company (5598), Luke Paper Company (6265), NewPage Canadian Sales LLC (5384), NewPage Consolidated Papers Inc. (8330), NewPage Corporation (6156), NewPage Energy Services LLC (1838), NewPage Group Inc. (2465), NewPage Holding Corporation (6158), NewPage Port Hawkesbury Holding LLC (8330), NewPage Wisconsin System Inc. (3332), Rumford Paper Company (0427), Upland Resources, Inc. (2996), and Wickliffe Paper Company LLC (8293). The Debtors' corporate headquarters is located at 8540 Gander Creek Drive, Miamisburg, OH 45342.

to Bankruptcy Code Sections 327(a) and 328(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, for Authorization to Employ and Retain Proskauer Rose LLP as Substitute Attorneys for the Debtors, Nunc Pro Tunc to May 14, 2012 (the "Abelson Declaration"), attached hereto as **Exhibit A**. In further support of this Application, the Debtors respectfully represent:

## Background

1. On September 7, 2011 (the "Commencement Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code. A detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of these cases, is more fully set forth in the *Declaration of George F. Martin in Support of the Debtors' First Day Motions and Applications*, filed on the Commencement Date and incorporated herein by reference.

2. On September 8, 2011, this Court entered an order authorizing the joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request has been made for the appointment of a trustee or examiner in these chapter 11 cases.

3. On September 21, 2011, the Office of the United States Trustee (the "U.S. Trustee") appointed a statutory creditors' committee pursuant to section 1102 of the Bankruptcy Code (the "Committee").

4. By order of the United States Bankruptcy Court for the District of Delaware (the "Court"), dated October 4, 2011, the Debtors were authorized to retain Dewey & LeBoeuf LLP ("D&L") as attorneys *nunc pro tunc* to the Commencement Date (the "Retention Order"). Pachulski Stang Ziehl & Jones LLP ("Pachulski") serves as co-counsel to the Debtors.

2

5. Effective May 14, 2012, attorneys of record for the Debtors, partners Martin J. Bienenstock, Judy G. Z. Liu, and Philip M. Abelson, together with associates Lauren C. Cohen, Ehud Barak, Kathleen E. Barber, Andrea G. Miller, and Chris Theodoridis (the "Debtors' Attorneys"), ended their affiliation with D&L, and became members of, or associated with, Proskauer.[2] The Debtors have requested that Proskauer substitute for D&L as their general bankruptcy counsel in these cases effective as of May 14, 2012 (the "Retention Date"), subject to this Court's approval. The terms of the proposed retention are virtually identical to the retention of D&L.

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

7. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, the Debtors seek the Court's approval of the employment and retention of Proskauer, as their general bankruptcy counsel, *nunc pro tunc* to the Retention Date, to perform the legal services required during these chapter 11 cases. The Debtors request that the Court approve the employment of Proskauer in accordance with the terms and conditions set forth in this Application and the Abelson Declaration.

---

[2] Mr. Bienenstock, Ms. Liu and Mr. Abelson were joined by three other restructuring partners from D&L (Michael P. Kessler, Irena M. Goldstein, and Timothy Q. Karcher), nine associates, three paralegals, and three administrative assistants.

3

**Basis for Relief Requested**

8. Pursuant to section 327(a) of the Bankruptcy Code, a debtor in possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under [the Bankruptcy Code.]" 11 U.S.C. § 327(a). Section 1107(b) of the Bankruptcy Code modifies section 101(14) (definition of "disinterested person") and section 327(a) of the Bankruptcy Code in chapter 11 cases, by providing "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

9. Under section 328(a) of the Bankruptcy Code, with the Court's approval, a debtor in possession may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on retainer, on an hourly basis, on a fixed or percentage basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Pursuant to section 329(a) of the Bankruptcy Code, "an attorney representing a debtor . . . shall file with the court a statement of compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a).

10. As required by Bankruptcy Rule 2014(a), this Application sets forth the following: (a) the specific facts showing the necessity for Proskauer's employment, (b) the reasons for the Debtors' selection of Proskauer as their attorneys in connection with these chapter 11 cases, (c) the professional services to be provided by Proskauer, (d) the arrangement between the Debtors and Proskauer with respect to Proskauer's compensation, and (e) to the best

4

of the Debtors' knowledge, the extent of Proskauer's connections, if any, to certain parties in interest in these chapter 11 cases.

## Retention of Proskauer is Warranted

11. The Debtors seek to retain Proskauer because the Debtors' Attorneys joined Proskauer, and because of the firm's experience in business reorganization and its broad resources, which would facilitate an efficient administration of the Debtors' chapter 11 cases. The Debtors have selected the Debtors' Attorneys as their attorneys because of their knowledge of the Debtors' businesses and financial affairs, and their extensive experience and knowledge in, among other areas, business restructurings under chapter 11 of the Bankruptcy Code. Proskauer's attorneys, including Debtors' Attorneys, currently represent, and have represented, debtors and creditors in multiple large and complex chapter 11 cases, including cases pending in this district.

12. The Debtors' Attorneys have represented the Debtors since December 2, 2010, in connection with the Debtors' restructuring efforts. Since that time, the Debtors' Attorneys, working together with Pachulski as local counsel to the Debtors, were primarily responsible for the preparation of the chapter 11 petitions, initial motions, and applications relating to the Debtors' chapter 11 cases and their commencement. During the course of this representation, the Debtors' Attorneys have become intimately familiar with the Debtors' businesses, financial affairs, capital structure, and restructuring alternatives. The Debtors' Attorneys have successfully navigated the Debtors through these chapter 11 cases, and have the necessary background and invaluable knowledge to continue dealing effectively with the potential legal issues and problems that may arise in the context of the Debtors' chapter 11 cases, and to successfully complete the Debtors' restructuring process. In addition, Proskauer has extensive resources beyond its restructuring practice, which is comprised of, among other

5

experienced professionals, the Debtors' Attorneys. Proskauer is an international firm with more than 650 lawyers in multiple countries, including the United States, United Kingdom, China, France, and Brazil. Therefore, the Debtors believe Proskauer is both well qualified and able to successfully represent them in their chapter 11 cases.

### Scope of Services

13. Subject to further order of this Court, it is proposed that Proskauer be employed to render the following professional services, which are identical to the services previously performed by D&L:

   a. advise the Debtors in connection with the legal aspects of a financial restructuring under chapter 11;

   b. prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

   c. take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

   d. take all necessary actions, including to negotiate and prepare on behalf of the Debtors, a plan or plans and related disclosure statement(s) and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

   e. perform all other necessary legal services in connection with the prosecution of these chapter 11 cases.

14. The Debtors have requested that Proskauer perform the services set forth herein and, subject to this Court's approval of this Application, Proskauer has stated its desire, willingness, and ability to act in these chapter 11 cases and to render the necessary professional services as attorneys for the Debtors.

### Proskauer's Disinterestedness

15.     To the best of the Debtors' knowledge, the members of, counsel to, and associates of Proskauer do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants in connection with these chapter 11 cases, except as may be set forth in the Abelson Declaration.

16.     In view of the foregoing, the Debtors submit that Proskauer is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

### Compensation of Proskauer

17.     The Debtors understand that Proskauer intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Court's *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) and Local Rule 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 301] (the "Interim Compensation Order"), and guidelines established by the Office of the United States Trustee (the "Guidelines"). As noted, Proskauer has received no compensation to date.

18.     Proskauer will seek interim and final allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, and Local Rules, and the Interim Compensation Order.

19.     The Debtors respectfully request that all fees and related costs and expenses incurred by the Debtors on account of services rendered by Proskauer in these cases be paid as administrative expenses of the estates pursuant to sections 328, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code. Subject to this Court's approval, Proskauer will charge for its

7

legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to sections 328(a) and 330 of the Bankruptcy Code. The current hourly rates charged by Proskauer for professionals and paraprofessionals expected to be employed on this matter, which are substantially similar to what was by D&L, are provided below:

| Billing Category | Range |
| --- | --- |
| Partners | $675-$1,050 |
| Counsel | $640-$825 |
| Associates | $295-$750 |
| Paraprofessionals | $165-$315 |

20.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions. Proskauer will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. Proskauer reserves its right to file an application for allowance of an enhanced fee award at the end of these cases.

21.  Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain Proskauer on any reasonable terms and conditions. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Compensation Order, propose to pay Proskauer its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Abelson Declaration, and to reimburse Proskauer according to its customary reimbursement policies, and respectfully submit that such rates and policies are reasonable.

22.  The Debtors understand that Proskauer is customarily reimbursed for all expenses incurred in connection with the representation of a client in a given matter, including, but not limited to, photocopying services, printing, delivery charges, filing fees, postage, and computer research time.

23. The Debtors further submit that the relief requested herein is necessary and appropriate, is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and should be granted in all respects.

### Notice

24. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided by first-class mail to the following parties: (i) the Office of the U.S. Trustee; (ii) counsel to JPMorgan Chase, N.A., as administrative agent for the proposed debtor in possession financing; (iii) counsel to Wells Fargo Capital Finance LLC, as administrative agent for the prepetition senior secured revolver; (iv) counsel to Bank of New York Mellon, as indenture trustee for the 11.375% senior secured first-lien notes due 2014; (v) counsel to Wilmington Trust, National Association, as indenture trustee for the 10% fixed rate senior secured second lien notes due 2012 and the floating rate senior secured second lien notes due 2012, (vi) counsel to HSBC Bank USA, National Association, as the indenture trustee for the 12% senior unsecured subordinated notes due 2013, (vii) counsel to U.S. Bank, National Association, as the indenture trustee for the floating rate senior unsecured PIK notes due 2013, (viii) counsel to Deutsche Bank Trust Company Americas, as indenture trustee for the floating rate senior unsecured PIK notes due 2015; (ix) counsel to the informal group of certain holders of the 10% fixed rate senior secured second lien notes and floating rate senior secured second lien notes; (x) counsel to the Committee, and (xi) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Debtors submit that no other or further notice need be provided.

29365653v11
DOCS_DE:181125.1 59998-001

WHEREFORE the Debtors respectfully request an order, substantially in the form attached hereto as Exhibit B, (i) approving the employment and retention of Proskauer as their attorneys, under a general retainer, *nunc pro tunc* to the Retention Date, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: June 13, 2012

NewPage Corporation
(for itself and on behalf of its affiliated debtors and debtors in possession)

/s/ George F. Martin
George F. Martin
President and CEO