IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
*In re* : Chapter 11
:
NEWPAGE CORPORATION, *et al.*, : Case No. 11-12804 (KG)
:
Debtors.[1] : Jointly Administered
:
------------------------------------------------------------x Related Docket No. 1766

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PROSKAUER ROSE LLP AS SUBSTITUTE ATTORNEYS FOR THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012

Upon the application dated as of June 13, 2012 (the "Application"),[2] of NewPage Corporation ("NewPage") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively with NewPage, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware (the "Local Rules"), for authorization to employ and retain Proskauer Rose LLP ("Proskauer") as their attorneys under a general retainer, all as more fully described in the Application; and upon consideration of the *Declaration of Philip M. Abelson in Support of Debtors' Application, Pursuant to Bankruptcy Code Sections 327(a) and 328(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, for*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Chillicothe Paper Inc. (6154), Escanaba Paper Company (5598), Luke Paper Company (6265), NewPage Canadian Sales LLC (5384), NewPage Consolidated Papers Inc. (8330), NewPage Corporation (6156), NewPage Energy Services LLC (1838), NewPage Group Inc. (2465), NewPage Holding Corporation (6158), NewPage Port Hawkesbury Holding LLC (8330), NewPage Wisconsin System Inc. (3332), Rumford Paper Company (0427), Upland Resources, Inc. (2996), and Wickliffe Paper Company LLC (8293). The Debtors' corporate headquarters is located at 8540 Gander Creek Drive, Miamisburg, OH 45342.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

29365653v11
DOCS_DE:181125.1 59998-001

*Authorization to Employ and Retain Proskauer Rose LLP as Attorneys for the Debtors, Nunc Pro Tunc to May 14, 2012* (the "Abelson Declaration"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court being satisfied that Proskauer represents or holds no interest adverse to the Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and any objections to the Application having been withdrawn or overruled; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved as may be modified herein; and it is further

ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors' retention of Proskauer as their attorneys in accordance with Proskauer's normal hourly rates and disbursement policies, as set forth in the Abelson Declaration, is approved *nunc pro tunc* to May 14, 2012; and it is further

ORDERED that pursuant to Local Rule 9010-2, as of May 14, 2012, D&L shall no longer represent the Debtors, and Proskauer shall replace D&L as counsel to the Debtors, effective as of May 14, 2012; and it is further

ORDERED that Proskauer shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by the *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) and Local Rule 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 301] (the "Interim Compensation Order"), or other order of this Court; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: July 5, 2012
Wilmington, Delaware

_____
The Honorable Kevin Gross
Chief Judge of the United States Bankruptcy
Court for the District of Delaware

29365653v11
DOCS_DE:181125.1 59998-001