# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NEWPAGE CORPORATION,[1] <br><br> Reorganized Debtor. | Chapter 11 <br><br> Case No. 11-12804 (KG) <br><br> (Jointly Administered) <br><br> **Re: Docket No. 5151** |

### FINAL DECREE (A) CLOSING NEWPAGE'S CHAPTER 11 CASE, (B) TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES, AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtor (the "Reorganized Debtor") for entry of a final decree (this "Final Decree") (a) closing the chapter 11 case (the "Chapter 11 Case") of the Reorganized Debtor, while retaining jurisdiction to hear and determine the ERCO Matter, (b) terminating certain claims and noticing services provided by Kurtzman Carson Consultants LLC ("KCC"), and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and that this Court may enter this Final Decree consistent with Article III of the United States Constitution; and this Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the NewPage's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion having determined that just cause is established for the relief granted herein; and the Motion as it concerns establishing the amount of

---

[1] The last four digits of NewPage Corporation's federal tax identification number are 6156. The corporate headquarters of NewPage Corporation is located at 8540 Gander Creek Drive, Miamisburg, OH 45342.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

fees owed the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) and the *Response of the United States Trustee to NewPage Corporations Motion for Entry of a Final Decree (A) Closing its Chapter 11 Case, (B) Terminating Certain Claims and Noticing Services, (C) Establishing the Amount of Fees Owed to the United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6), and (D) Granting Related Relief* [Docket No. 5159] having been resolved in full between the Reorganized Debtor and the Office of the United States Trustee without any findings or ruling from this Court; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY DECREED AND ORDERED THAT**:

1. The Motion is granted as further set forth herein.

2. The following Chapter 11 Case is hereby closed, effective as of the entry of this Final Decree:

| Debtor | Case No. |
|---|---|
| NewPage Corporation | 11-12804 |

3. The Clerk of the Court shall enter this Final Decree individually on the docket of the Main Case, and thereafter such docket shall be marked as "Closed."

4. The claims and noticing services provided by KCC (the "Claims and Noticing Services") are terminated in accordance with the Motion upon the completion of the services listed in paragraph 5 below. Thereafter, KCC shall have no further obligations to this Court, the Reorganized Debtors, the Debtors' estates, or any other party in interest with respect to the Claims and Noticing Services in the chapter 11 cases. Notwithstanding anything herein, pursuant to the independent engagement between KCC and the Litigation Trust, KCC shall continue to provide such services to the Litigation Trust and the Litigation Trustee as it has provided in the past.

2

5. Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of this Final Decree, KCC shall (a) forward to the Clerk of the Court an electronic version of all imaged proofs of claim, (b) upload the creditor mailing list into CM/ECF, and (c) file a Final Claims Register containing claims asserted in all of the chapter 11 cases on the docket of the Main Case. Within twenty-eight (28) days of entry of this Final Decree, KCC also shall box and deliver all original proofs of claim to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and file a completed SF-135 Form indicating the accession and location numbers of the archived claims. In addition, pursuant to Local Rule 2002-1(f)(xii), KCC shall file a Final Claims Register on the docket of each of the Reorganized Debtors' chapter 11 cases containing only the claims asserted in that specific case within twenty-eight (28) days of entry of this Final Decree.

6. If KCC receives any mail regarding the Reorganized Debtors or the Debtors' estates after entry of this Final Decree, KCC shall collect and forward such mail to the Reorganized Debtors no less frequently than monthly.

7. KCC shall perform the services required by this Order and shall be compensated by the Reorganized Debtors in accordance with the terms of the KCC Retention Order.

8. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Rules are satisfied by such notice.

9. Nothing herein shall limit the right of any party in interest to seek to reopen the Chapter 11 Case pursuant to Bankruptcy Code section 350, Bankruptcy Rule 5010, or any other applicable law.

10. The terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

DOCS_DE:222071.4 59998/001

11. The Reorganized Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

12. Nothing herein shall, or shall be deemed to, have any impact on the Litigation Trust or the Litigation Trustee's authority thereunder, the Wind-up Motion, or the ERCO Matter. For the avoidance of doubt, the ERCO Matter shall remain open until resolved or closed by separate Court order, and this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree and the ERCO Matter.

Dated: December ____, 2018
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEWPAGE CORPORATION,[1]<br><br>                  Reorganized Debtor. | Chapter 11<br><br>Case No. 11-12804 (KG)<br><br>(Jointly Administered)<br><br>Re: Docket No. 5151 |

**FINAL DECREE (A) CLOSING NEWPAGE'S
CHAPTER 11 CASE, (B) TERMINATING CERTAIN CLAIMS AND
NOTICING SERVICES, ~~(C) ESTABLISHING
THE AMOUNT OF FEES OWED TO THE UNITED STATES TRUSTEE~~ PURSUANT TO
~~28 U.S.C. § 1930(a)(6),~~ AND (~~D~~C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtor (the "Reorganized Debtor") for entry of a final decree (this "Final Decree") (a) closing the chapter 11 case (the "Chapter 11 Case") of the Reorganized Debtor, while retaining jurisdiction to hear and determine the ERCO Matter, (b) terminating certain claims and noticing services provided by Kurtzman Carson Consultants LLC ("KCC"), and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and that this Court may enter this Final Decree consistent with Article III of the United States Constitution; and this Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the NewPage's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be

---

[1] The last four digits of NewPage Corporation's federal tax identification number are 6156. The corporate headquarters of NewPage Corporation is located at 8540 Gander Creek Drive, Miamisburg, OH 45342.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

provided; and this Court having reviewed the Motion ~~and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court~~ having determined that ~~the legal and factual bases set forth in the Motion and at the Hearing establish~~ just cause is established for the relief granted herein; and ~~any objections to the Motion having been overruled~~ the Motion as it concerns establishing the amount of fees owed the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) and the *Response of the United States Trustee to NewPage Corporations Motion for Entry of a Final Decree (A) Closing its Chapter 11 Case, (B) Terminating Certain Claims and Noticing Services, (C) Establishing the Amount of Fees Owed to the United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6), and (D) Granting Related Relief* [Docket No. 5159] having been resolved in full between the Reorganized Debtor and the Office of the United States Trustee without any findings or ruling from this Court; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY DECREED AND ORDERED THAT:**

1. The Motion is granted as further set forth herein.

2. The following Chapter 11 Case is hereby closed, effective as of the entry of this Final Decree:

| Debtor | Case No. |
|---|---|
| NewPage Corporation | 11-12804 |

~~3.    The Reorganized Debtor's payment of the U.S. Trustee Fees was proper.~~

3. ~~4.~~ The Clerk of the Court shall enter this Final Decree individually on the docket of the Main Case, and thereafter such docket shall be marked as "Closed."

4. ~~5.~~ The claims and noticing services provided by KCC (the "Claims and Noticing Services") are terminated in accordance with the Motion upon the completion of the services

listed in paragraph 6 5 below. Thereafter, KCC shall have no further obligations to this Court, the Reorganized Debtors, the Debtors' estates, or any other party in interest with respect to the Claims and Noticing Services in the chapter 11 cases. Notwithstanding anything herein, pursuant to the independent engagement between KCC and the Litigation Trust, KCC shall continue to provide such services to the Litigation Trust and the Litigation Trustee as it has provided in the past.

5. 6. Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of this Final Decree, KCC shall (a) forward to the Clerk of the Court an electronic version of all imaged proofs of claim, (b) upload the creditor mailing list into CM/ECF, and (c) file a Final Claims Register containing claims asserted in all of the chapter 11 cases on the docket of the Main Case. Within twenty-eight (28) days of entry of this Final Decree, KCC also shall box and deliver all original proofs of claim to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and file a completed SF-135 Form indicating the accession and location numbers of the archived claims. In addition, pursuant to Local Rule 2002-1(f)(xii), KCC shall file a Final Claims Register on the docket of each of the Reorganized Debtors' chapter 11 cases containing only the claims asserted in that specific case within twenty-eight (28) days of entry of this Final Decree.

6. 7. If KCC receives any mail regarding the Reorganized Debtors or the Debtors' estates after entry of this Final Decree, KCC shall collect and forward such mail to the Reorganized Debtors no less frequently than monthly.

7. 8. KCC shall perform the services required by this Order and shall be compensated by the Reorganized Debtors in accordance with the terms of the KCC Retention Order.

8.    9. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Rules are satisfied by such notice.

9.    10. Nothing herein shall limit the right of any party in interest to seek to reopen the Chapter 11 Case pursuant to Bankruptcy Code section 350, Bankruptcy Rule 5010, or any other applicable law.

10.    11. The terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

11.    12. The Reorganized Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

12.    13. Nothing herein shall, or shall be deemed to, have any impact on the Litigation Trust or the Litigation Trustee's authority thereunder, the Wind-up Motion, or the ERCO Matter. For the avoidance of doubt, the ERCO Matter shall remain open until resolved or closed by separate Court order, and this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree and the ERCO Matter.

Dated: December ____, 2018
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare 9 on Wednesday, December 19, 2018 2:06:18 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_DE/222071/2 |
| Description | DOCS_DE-#222071-v2-newpage_case_closing_motion--final |
| Document 2 ID | PowerDocs://DOCS_DE/222071/4 |
| Description | DOCS_DE-#222071-v4-newpage_case_closing_motion--final |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 18 |
| Deletions | 21 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 39 |